## NEWLIN *v.* WEBB.

## Opinion delivered October 3, 1921.

1. SALES—ORAL WARRANTY.—Where a complaint in replevin alleged the sale of five mules with reservation of title and that a note for part of the purchase money was executed reciting such reservation, and remained unpaid, with prayer for recovery of possession of the mules and for damages, an answer setting up as a counter-claim a breach of an oral warranty that the mules were free from all defects is good on demurrer; the rule prohibiting the engrafting of an oral warranty on a written contract of sale not applying, as the contract of sale was not in writing.

2. SET-OFF AND COUNTERCLAIM—RIGHT TO PLEAD IN REPLEVIN.—In an action to recover personal property and damages for its detention, defendant may interpose a counterclaim of damages for breach of warranty, and this right cannot be cut off by plaintiff's withdrawal of his claim for damages after the counterclaim was filed.

3. REPLEVIN—COUNTERCLAIM AS DEFENSE.—One sued in replevin to enforce a reservation of title until the purchase money is paid may by way of counterclaim set up a breach of warranty whereby the note which is the basis of plaintiff's right of recovery has been extinguished.

Appeal from Desha Circuit Court; *W. B. Sorrels,* Judge; reversed.

*H. H. Hays,* for appellant.

The court erred in sustaining the demurrer to the cross-complaint. Plaintiff's cause of action was not for the recovery of specific property only, but also to recover damages for the detention thereof. 135 Ark. 531.

*Buckner & Golden* and *E. E. Hopson,* for appellee.

If the warranty alleged in the cross-complaint had been made by the plaintiff, it merged into the written contract, and cannot be established by parol evidence tending to change the written contract. 108 Ark. 255, 261; 94 Ark. 130; 24 Ark. 210; 25 Ark. 309; 30 Ark. 186; 67 Ark. 62; 80 Ark. 507; 83 Ark. 163; 86 *Id.* 162; 88 *Id.* 213; 102 *Id.* 326; 106 *Id.* 346; 140 *Id.* 187; Greenleaf on Ev. § 275; 120 Ark. 366; 142 Ark. 234.

McCULLOCH, C. J.   Appellee instituted this action against appellant in the circuit court of Desha County to recover possession of five mules and for damages for detention in the sum of $35.   It is alleged in the complaint that appellee sold the mules in controversy to appellant, and that the latter executed to the former a promissory note for the sum of $500 for the balance of the purchase price, and that in said note there was a stipulation that the title to the mules should remain in appellee until the note was paid in full.   The note was exhibited with the complaint.   Appellant filed an answer and cross-complaint in which it was stated that the purchase price of the mules was the sum of $1850, of which $1350 was paid in cash, and that the note was executed for the balance; that in the sale of the mules appellee orally gave a warranty that each of the mules "was sound and free from any and all defects."   It is further alleged that two of the mules, of the value of $800, "proved to be diseased, crippled and absolutely worthless, and that the plaintiff was informed of said facts and failed and refused to make good his warranty."   The prayer of the cross-complaint is as follows:

"Defendant says that by the failure of the warranty of the plaintiff, as aforesaid, and because of the condition of the mules described, he has been damaged in the sum of eight hundred dollars, for which he prays judgment as a set-off, or counterclaim, against the demand of the plaintiff; prays that the note be satisfied in full by cancellation, and for judgment over against the plaintiff for $300, and for all other proper relief to which he may be entitled."

The court sustained a demurrer to appellant's plea, and, on failure to plead further, rendered judgment against appellant and in favor of appellee for recovery of the possession of the mules, without damages.   Counsel for appellee defend the ruling of the court, first, on the ground that the contract of sale was in writing and that the writing can not be varied nor anything super-

added by proof of an oral warranty. The contract of
sale was not in writing as the note for the purchase price
containing reservation of title did not constitute a con-
tract of sale. *Parrett Tractor Co.* v. *Brownfiel,* 149
Ark. 566.

It is next contended that the ruling of the court was
correct, for the reason that, this being an action for the
recovery of possession of personal property, a counter-
claim or set-off could not be asserted. This contention is
not well founded for the reason, in the first place, that
the action was one not only for the recovery of personal
property, but for the recovery of money as damages for
detention of the property in controversy. We held in
*Smith* v. *Glover,* 135 Ark. 531, that in an action for recov-
ery of real property, where damages for detention were
also sought to be recovered, the action was in part one for
the recovery of money, and that a counterclaim could be
pleaded. The fact that the court did not render judg-
ment for the recovery of damages does not deprive ap-
pellant of the benefit of his counterclaim, for the admis-
sibility of his plea must be tested by the state of the
pleadings at the time same was filed. Appellant could
not cut off the right to assert a counterclaim by with-
drawing his claim for damages after the counterclaim
was filed. Crawford & Moses' Digest, § 6236.

There is still another conclusive reason why the rul-
ing of the court was erroneous. Appellant had the right
to establish his counterclaim in order to show that the
debt evidenced by the promissory note, which was the
basis of appellee's right to recover the possession of the
property, had been extinguished. *Ames Iron Works* v.
*Rea,* 56 Ark. 450; *Ramsey* v. *Capshaw,* 71 Ark. 408; *Jones*
v. *Blythe,* 138 Ark. 81. The case of *Ames Iron Works*
v. *Rea, supra,* was one like this for the recovery of pos-
session of personal property, and there was asserted a
counterclaim for unliquidated damages, and Judge Bat-
tle, speaking for the court, said: "The right to the pos-
session of property sued for is essential to a recovery in

actions of replevin. Any state of facts which will show the existence or nonexistence of such a right is, as a rule, pleadable in such actions. Thus, in an action of replevin by a mortgagee against the mortgagor to recover the possession of the goods mortgaged to him, the mortgagor can successfully defend the action by showing that the debt, which the mortgage was given to secure, has been paid.''

For both of the reasons set out above, our conclusion is that the court erred in sustaining the demurrer to appellant's plea. The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer.