McDougal *v.* McDougal.

4-7086        171 S. W. 2d 942

Opinion delivered May 31, 1943.

946

*Westbrooke & Westbrooke* and *C. T. Bloodworth,* for appellant.

*Taylor & Hines* and *Phillips & Phillips,* for appellee.

SMITH, J.   The parties to this litigation were married in this state, but removed to the state of Missouri. The wife filed suit in that state for a divorce and prayed the allowance of alimony and the custody of the children born to their union. Being apprised of the filing of this suit the husband left that state, apparently to avoid service of summons upon him, and came to this state, and, after residing in this state for something more than sixty days, he filed suit here under our ninety-day divorce law. There has been no service of process on him in the suit filed by his wife in Missouri.

The wife filed an answer to the suit commenced against her in this state and, in a cross-complaint filed here, she prayed for a divorce, for alimony and for the support and custody of their children and for an attorney's fee and court costs. The court below granted the wife all the relief prayed, and from that decree is this appeal.

The depositions of many witnesses were taken and we have before us a voluminous record. Without reciting the conflicting and sordid testimony found in the record we announce our conclusion to be that the court below very properly refused to grant a divorce to the husband. We are of the opinion also that the testimony shows that plaintiff, the husband, had been guilty of conduct which fully sustained the decree of the court below in awarding a decree of divorce to the wife, the defendant, but for the fact that condonation of the husband's conduct is also shown. Since the separation of these parties, and after the filing of these two suits, a child was born of which the defendant says the plaintiff is the father, and he admits the paternity of the child. *Buck* v. *Buck, ante,* p. 918, 171 S. W. 2d 939.

Two other children were born to this union, one, a daughter now 11 years old, the other, a son who died in infancy. For many reasons the custody of these children was properly awarded to the mother, and we would not think of taking the baby child from its mother's breast.

The court below assessed all the costs against the husband, and this was properly done. The court allowed a fee of $400 in addition to $100 already paid as a fee for defendant's attorney, and directed plaintiff to contribute $100 per month to the support of his wife and children.

This relief was granted to the wife, a nonresident of this state, upon her cross-complaint, but the court below had this jurisdiction. The case of *Aucutt* v. *Aucutt*, 89 A. L. R. 1203, has an extended annotation of the question of "nonresidence of defendant or cross-complainant in a suit for divorce as affecting power to grant divorce in his or her favor."

Many cases are there cited to support the following statement of the Annotator: "It is a well-established rule of law that where an action for divorce is brought by a resident of the state of the forum against a nonresident, a divorce may be granted the nonresident on his or her cross-petition, although a statute, in general terms, requires the plaintiff in an action for divorce to have been a resident of the state for a designated time."

We conceive it, therefore, to be within our jurisdiction to pass upon the questions here presented and while we deny the wife a divorce, we do so not on account of a lack of jurisdiction, but because of her condonation of her husband's conduct which otherwise would have entitled her to a divorce. As an incident to this jurisdiction we pass upon other questions raised upon this appeal. Among these are the questions of support and maintenance of the wife and children and that of the compensation of her attorney.

As has been stated, the court allowed the wife's attorney a fee of $500, upon which there should be a credit of $100 already paid so that an additional payment of $400 is required by the decree from which is this appeal.

Under the facts in this record, the fee appears to be excessive, and will be reduced to $250 so that an additional payment of only $150 will be required. The rule announced in the case of *McCourtney* v. *McCourtney, ante,* p. 111, 168 S. W. 2d 200, is applicable here. In that case, as in this, it was shown that the wife's attorney had earned the fee allowed, but it was there said that this was not the only question to be considered, and that the husband's ability to pay should be taken into account and could not be ignored, and for that reason the fee allowed by the court was reduced, as it must be in this case.

That this fee is excessive will fully appear from the discussion of the amount to be allowed for the support of defendant and the children. Plaintiff owns a home in Poplar Bluff, which is mortgaged for something near its market value. He is employed as a salesman for a wholesale grocery company in Poplar Bluff and is paid a salary of $130 per month. A wealthy relative left a trust estate of $3,000 to plaintiff to be paid at the rate of $300 per year for 10 years, together with the interest thereon. The will just mentioned provides for the settling and closing of the various trusts there created in 1951 and the testimony shows the plaintiff's present interest in the trust estate to be $20,840.24. This sum last mentioned is not now available, but the decree of the court below granting the wife a divorce vested in her a contingent interest of one-third of the plaintiff's interest in this trust. That part of the decree will be set aside as we reverse the decree granting her a divorce.

The record reflects that there are two mortgages on plaintiff's home totaling $13,000, and that the holder of the first mortgage is threatening to foreclose that instrument. We cannot anticipate just what action will be taken in that behalf, nor the effect of such action, but, in any event, $100 per month is not, in our opinion, more than the needs of the wife and children will require, nor beyond the ability of plaintiff to pay. To pay this sum plaintiff may have to bestir himself to increase his earning capacity, or relinquish his self indulgent practices which apparently brought the family into the divorce court.

The decree denying plaintiff a divorce is, therefore, affirmed, and that granting defendant a divorce is reversed, as is also the order vesting in defendant a contingent interest in the residuary estate created by the will above referred to. An additional attorney's fee of $150 is allowed and plaintiff is directed to contribute $100 per month to the support of his wife and children, and will pay all costs including those of this appeal.

As to the power to modify this decree, and the conditions under which that power will be exercised, see *Blauvelt* v. *Blauvelt,* 199 Ark. 710, 136 S. W. 2d 201.

The decree will be reversed, and the cause remanded to the court below with directions to enter there a decree conforming to this opinion.