ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., LTD., v. SMITH.

4-7717                                              189 S. W. 2d 718

Opinion delivered October 15, 1945.

*W. J. Jean* and *DuVal L. Purkins,* for appellant.

*Aubert Martin,* for appellee.

McHaney, J. Appellant brought this action against appellee to recover an alleged balance of $1,013.36 due it for premiums on three named liability insurance policies executed by it to appellee in compliance with the Workmen's Compensation Act, No. 319 of 1939. An itemized statement was attached to the complaint showing said balance due, wherein the charges were based on a percentage of the weekly, monthly and annual pay roll of employees of appellee, he being engaged in the sawmill and logging business.

Appellee answered with a general denial and, by way of cross-complaint, alleged that, in order to secure the insurance, he deposited $265 with appellant, and also paid all sums whatsoever due by him to appellant, and that it continues to hold said sum, although demand for its return had been made. Judgment was prayed against appellant for that amount.

During the course of the trial appellant was reading the deposition of Mr. R. H. Gowens, chief accountant for appellant in its Chicago office, to establish the amount due as claimed. It was developed that the rate fixed in the policies for logging operations was $9.82 whereas the rate for logging in the itemized statement was $15.044. The witness testified that the Arkansas Rating Bureau promulgated the latter rate on September 18, 1942, effective as of December 5, 1941, or December 5, 1942. We cannot tell which is correct as the witness said on direct examination it was effective December 5, 1941, which would make it retroactive, and on cross-examination he stated it became effective December 5, 1942. He also testified that a rate of $13.543 was applied on operations after December 5, 1942. Direct interrogatory No. 15 was read, which referred to the itemized statement in which the rate of $15.044 was applied on the logging pay roll, "which seems to be higher than the usual rate on the pay roll of such employees. Can you tell the court why such a rate was charged and by what authority plaintiff had to

make such charges?'' Appellee objected to the question on the ground it was not the best evidence. The court sustained the objection, whereupon appellant requested and was permitted to take a non-suit. The court permitted appellee to continue the action on cross-complaint, which resulted in a verdict and judgment for appellee for $265.

Several questions argued by appellant on this appeal cannot be considered. It is urged that the court erred in holding that appellant could establish the insurance rate only by the records of the Insurance Department and that the judgment should be reversed. Assuming that the court was in error in sustaining said objection and in holding as appellant contends, that question is not before us. Appellant suffered a non-suit at its request and over appellee's objection and exception. Had appellant continued with its case, having properly objected, excepted and preserved same in its motion for a new trial, the matter would be presented to us for decision.

Section 8192 of Pope's Digest provides: ''In any case where a set-off or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action or failed to appear.''

The withdrawal of the complaint or the dismissal of the action or a non-suit suffered by the plaintiff leaves the counterclaim pending. *Newlin* v. *Webb,* 150 Ark. 5, 233 S. W. 826; *Dillon* v. *Hawkins,* 147 Ark. 1, 227 S. W. 758; *Church* v. *Jones,* 167 Ark. 326, 268 S. W. 7; *Chalkley* v. *Henley,* 178 Ark. 635, 12 S. W. 2d 18; *Watts* v. *Watts,* 179 Ark. 367, 15 S. W. 2d 977. And the only issue before the court after non-suit taken is that in the cross-complaint. *Dillon* v. *Hawkins, supra.*

Appellant also contends we should take judicial notice of the rates for compensation insurance under the provisions of § 36 (e) (2) of the Workmen's Compensation Law. But neither the rates for such insurance nor the subject-matter of the complaint is before us. That case has not been tried.

138

On the question of whether appellee should have recovered on his cross-complaint, and that is the only question before us, appellant contends that the payment of the $265, even if made, cannot be recovered because it was made voluntarily. We cannot agree. Appellee's bookkeeper testified that he had up a deposit for the policy and that he had overpaid appellant $1,319.93, and explained how she arrived at that amount from appellant's statements. Her calculation was based on a rate of $9.83, and she stated they were never notified of a higher or changed rate. Mr. Gowens did not deny that a deposit was made, but only that he didn't know anything about it.

We think this evidence sufficient to support the verdict and the judgment is accordingly affirmed.