**WERBE et al. v. HOLT.**

Civ. No. 959.

United States District Court,
W. D. Arkansas, Fort Smith Division.

July 10, 1951.

Edgar E. Bethell, Fort Smith, Ark., O. E. Williams, Fayetteville, Ark., for plaintiffs.

Price Dickson, Rex Perkins, Lee Seamster, Fayetteville, Ark., for defendant.

JOHN E. MILLER, District Judge.

Consideration of the motion to dismiss filed by the defendant in the above named case, along with statements in support thereof has been made possible by the waiver of service by the attorneys for the plaintiffs. The court is unable to understand why able attorneys do not read and comply with local rule eight which governs the procedure on motions. It may be necessary to apply sanctions in one way or another to obtain compliance with its rules, but in this instance the provisions of the rule requiring service of motions and statements having been waived the defendant will not be held in default and the motion and statements in support of and in opposition thereto have been considered fully by the court.

Plaintiffs invoke the jurisdiction of the court upon allegations of diversity of citizenship and of more than $3,000 involved, and in their complaint, allege the following as the basis of their claim: On June 4, 1948, one Frederick C. Werbe, now deceased, duly executed and acknowledged a warranty deed to certain described real property in Fayetteville, Arkansas, by which he conveyed the said property to plaintiff, Earl Werbe, and on or about June 23, 1948, said deed was delivered to and accepted by Earl Werbe. The deed was subsequently returned to Frederick C. Werbe through J. R. Crocker for purposes of recording, but this was never done, and, to the best of plaintiffs' knowledge said deed has been lost or destroyed. Frederick C. Werbe died on October 21, 1948, and defendant, Mrs. Jessie Holt, thereafter offered and had admitted to probate an instrument purporting to be the last will and testament of the deceased in which the property involved was devised to the defendant. Since that time the defendant has remained in possession and has refused to relinquish possession of the real property to plaintiffs. Plaintiffs pray that the court establish the deed from Frederick C. Werbe to Earl Werbe; that plaintiffs be decreed the legal owners of said premises; that plaintiffs be given a writ to oust the defendant from possession; and that plaintiffs have judgment against the defendant for the reasonable rental value of said premises from October 21, 1948.

Defendant's motion to dismiss does not assert, as grounds for dismissal, any of the defenses or objections which Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A., permits to be raised by motion. Presumably, such objections, which, in a proper case, might constitute grounds for dismissal, were not raised because they are not available to the defendant. An examination of the case file indicates that this is the case. Thus, defendant's motion to dismiss, as such, might well be overruled without further consideration.

However, it appears from the motion and accompanying statement that defendant is insisting upon a stay of proceedings in this court pending the outcome of a suit previously filed by the plaintiffs in the Chancery Court of Washington County, Arkansas, which defendant alleges involves "the identical subject matter".

It appears that on March 10, 1949, plaintiff, Earl Werbe, filed a complaint in the Washington Chancery Court, in which he alleged that he was the sole heir of Frederick C. Werbe, and by which he sought to have a deed from Frederick C. Werbe to the defendant, Mrs. Jessie Holt, set aside and cancelled as being executed through

coercion and undue influence on the part of the defendant, Mrs. Holt, and at a time when said Frederick C. Werbe was in such feeble health that his mind was impaired to such an extent as to make him subject to the influence of the defendant. It was also alleged therein that the plaintiff had filed an appeal and a contest from the order of the Probate Court of Washington County, admitting a will to probate wherein the deceased left the property involved to the defendant, Mrs. Holt. To this complaint the defendant filed a demurrer and subsequently an answer, which was a general denial and which also contained the allegation that the plaintiff had no interest in the subject matter of the action because the proceedings by which he was adopted in the State of Indiana were void for lack of jurisdiction in the Indiana court. Thereafter plaintiff filed an amendment to his complaint to which he attached a certified copy of the Petition For Adoption filed by Fred C. Werbe in the Indiana court. Defendant then filed a cross-complaint in which she alleged that in 1934, after the death of Mrs. Frederick C. Werbe, she agreed with the deceased, Frederick C. Werbe, that she would remain at his home and take care of the household duties for him during the remainder of his life and that, by reason of her so doing, he would give to her either by will or deed the property which he then owned and which is involved herein and all other property that he might own or possess at the time of his death. She further alleged that she performed her part of the contract, and in keeping with his agreement the deceased did execute a deed to defendant covering the real estate involved herein. The prayer of the cross-complaint is as follows: "Wherefore, upon final hearing of this cause this defendant and cross-complainant prays that in the event for any reason the will of the deceased heretofore filed and probated in the Probate Court be held invalid that she have specific performance of the contract as herein alleged, and that the title in and to all the property both real and personal owned by the deceased at the time of his death be vested in her, and that the complaint of the plaintiff and intervenors be dismissed for want of equity, with costs, and for all other proper relief."

On February 4, 1950, plaintiff again amended his complaint in which he alleged: That on June 4, 1948, Frederick C. Werbe, by warranty deed, duly signed and acknowledged, conveyed to plaintiff, Earl Werbe, the real estate involved; that said deed was delivered and accepted by plaintiff but was later returned to Frederick C. Werbe upon agreement that it would be recorded; that title to said real estate was thus vested in plaintiff and has not been re-conveyed to said Frederick C. Werbe nor conveyed to any one else; that the original deed was not recorded and was no doubt destroyed; and that the deed and will in favor of defendant were made subsequent to the execution and delivery of the deed to plaintiff. The prayer is: "Wherefore, plaintiff prays that the alleged deed to defendant be cancelled and annulled for the reasons set forth above and for all proper relief."

On April 19, 1951, plaintiffs' attorneys attempted to dismiss the cause in the Washington Chancery Court. The following notation appears on the Chancery Docket:

"This cause is hereby dismissed in vacation without prejudice on this 19th day of April, 1951.

"(Signed)     J. R. Crocker,
"O. E. Williams,
"Attorneys of Record"

Defendant contends that plaintiff's effort to so dismiss the Washington Chancery Court action without prejudice was ineffective and contrary to law because defendant had previously filed a cross-complaint. In support of this contention the defendant cites Rowell v. Rowell, 184 Ark. 643, 43 S. W.2d 243, which holds that a complainant cannot as a matter of right dismiss his complaint after a cross-complaint has been filed alleging grounds for and praying affirmative relief. A plaintiff may dismiss any claim where such dismissal would not prejudicially affect the interest of the defendant, but he will not be permitted to dismiss, discontinue or take a non-suit when by so doing a defendant's rights will be prejudiced or where the defendant will be deprived of any just defense. In support of the right to dismiss the plaintiff relies upon

Sec. 27-1405, Ark.Stats. (1947), which provides that any action may be dismissed without prejudice by the plaintiff before the final submission of the case to the jury or to the court where the trial is by the court.

The effectiveness of the dismissal of the State court suit is important in the instant case, only, if the case in the State court and the case here cannot proceed simultaneously. Defendant contends that they cannot and relies upon the rule of law set forth in numerous cases and repeated in the recent case of Redditt v. Hale, 8 Cir., 184 F.2d 443, 446, in the following language: "Further, 'the pendency in a state court of an action brought by the plaintiff in a subsequent action between the same parties in the federal court, and which involves the same subject-matter, presents no bar and furnishes no ground for the abatement of the later action. * * * But where one of the courts has secured possession or dominion of specific property by proper process, the suit in the co-ordinate jurisdiction to affect the same property should not be dismissed, but before a seizure of the property is made therein it should be stayed until the proceedings in the court which first obtained jurisdiction of the property are concluded, or ample time for their termination has elapsed.' Barber Asphalt Pv. Co. v. Morris, 8 Cir., 132 F. 945, 948, 67 L.R.A. 761. See Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226."

In the Redditt case the State Court action was characterized as one "quasi in rem". This characterization is important for it has been consistently held that in an in rem action where the jurisdiction of the state court first attaches, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction. On the other hand "where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226.

As an abstract statement, any action for the determination of personal rights and obligations of defendants in the action is in personam, while a proceeding in rem is a proceeding to determine the right in specific property, against all the world. A quasi in rem proceeding may be stated to be an action between parties where the direct object is to reach and dispose of property owned by them or of some interest therein, and in which the judgment operates only as between the particular parties to the proceedings. This abstract statement of the law, which, as far as the court finds, is stated in essentially identical terms in all the cases, appears to be so clear as not to be difficult to understand but it is a different and far more difficult matter to determine the proper classification of a particular proceeding. Certain cases, depending upon the relief sought, may have aspects of both in personam and in rem actions. In the final analysis it seems safe to state that "It is a settled rule that the aims and objects of an action determine its character". National Surety Co. v. Austin Machinery Corporation, 6 Cir., 35 F.2d 842, 843.

In determining the character of the suit in the state court, it is necessary to consider the probate proceedings, and the effect of the result of those proceedings upon the issues raised in the state court. It was there determined that at the time of the execution of the will the deceased, Frederick C. Werbe, possessed sufficient mental (testamentary) capacity and was not subjected to any undue influence by the defendant, and, therefore, the will was admitted to probate. The action of the probate court was affirmed by the Supreme Court of Arkansas. Werbe v. Holt, 237 S. W.2d 478.

In the proceeding in the Washington Chancery Court the plaintiff, Earl Werbe, sought to attack the deed, executed by Frederick C. Werbe to the defendant at the same time the will was made, and the only affirmative relief prayed by the plaintiff was the cancellation of that deed. It appears that the plaintiff's purpose, by the suit in Washington Chancery Court and his objections to the probate of the will in the

618

Probate Court, was to prevent the property going to the defendant either by way of the deed or the will, and thereby acquire the property himself as the "sole legal heir at law" of Frederick C. Werbe. To accomplish this purpose, it was necessary that he be successful in both actions, and having failed in the contest of the will, he now stands to gain nothing by a continued attack on the deed. Thus, as a practical matter, the affirmative relief prayed by the plaintiff in the Washington Chancery Court passes out of that case. The only other affirmative relief prayed for in the Washington Chancery Court was that asked by the defendant in her cross-complaint in which she sought specific performance of her alleged contract with the deceased only "in the event for any reason the will of the deceased heretofore filed and probated in the Probate Court be held invalid". By the language of the prayer itself defendant is no longer asserting any claim on her cross-complaint since the will was not held invalid. And, in any event, by specific performance of such a contract defendant could not improve her position, for she could only obtain such property as the defendant owned at the time of his death. Thus, the affirmative relief prayed by the defendant passes out of the case.

This leaves in that case only the last amendment to plaintiff's complaint, and as to the allegations therein, he makes no prayer for affirmative relief, merely reasserting his prayer "that the alleged deed to defendant be cancelled and annulled for the reasons set forth and for all proper relief."

■■ When all of the proceedings and the probable legal effect of them are considered, it appears that the plaintiff is now seeking to recover the property under and by virtue of the deed which he alleges was executed and delivered to him by the deceased, Frederick C. Werbe, and under the status of the state court case, the court is unable to conclude that the "aims and objects" of that action render it an action in rem or quasi in rem so that the state court now has exclusive custody and control over the specific property involved herein to such an extent as to preclude this court from proceeding to determine the claim of the plaintiff as alleged in his complaint. When there exists proper grounds for invoking the jurisdiction of a federal court, as admittedly exist in this case, the court should be careful not to lightly deprive a litigant of his right to assert his claim in this court and to pursue it to a speedy and just conclusion.

Therefore, the motion to dismiss filed by the defendant should be overruled and an order to that effect is being entered today.