DAILEY v. ALLEN.

5-152                                          259 S. W. 2d 516

Opinion delivered July 6, 1953.

*J. R. Booker* and *Jackie L. Shropshire,* for appellant.

*L. Weems Trussell* and *Nona Lee Trussell,* for appellee.

MINOR W. MILLWEE, Justice. This suit was brought by plaintiff, Leatha Dailey Allen, on behalf of herself and her cotenants to cancel a deed to a 20-acre tract of land executed by her father, Bob Dailey, shortly before his death in 1931 to his son, D. C. Dailey. Defendants are the widow and heirs of D. C. Dailey who died in 1934. Plaintiff alleged there was a failure of consideration for the deed which she asserted was never delivered and was withheld from record until 1949.

Defendants filed an answer denying that plaintiff had any interest in the 20-acre tract and asking that their own title thereto be quieted. They also filed a cross-complaint in which they alleged that plaintiff and defendants were co-owners of another tract containing approximately 80 acres by inheritance from Bob Dailey, deceased, and that plaintiff had wrongfully sold the timber from said tract for which she should be required to account. There was a prayer that defendants be decreed as complete owners of both tracts as their interest ap-

peared, that the complaint be dismissed, and for an accounting by plaintiff.

Plaintiff filed a demurrer and reply to the cross-complaint. In the reply, she denied that defendants had any interest in the 80-acre tract or any other portion of the estate of Bob Dailey, deceased, and asserted that defendants' ancestor, D. C. Dailey, had received his share of said estate. Plaintiff also pleaded laches and limitations as to defendants' claim to the 80-acre tract and prayed, "that she be granted such additional relief as from the pleadings and proof adduced thereon may entitle her . . . ."

The cause proceeded to trial and was taken under advisement by the court on April 29, 1952, without any action being taken on plaintiff's demurrer to the cross-complaint. On June 30, 1952, defendants filed a motion for non-suit on their cross-complaint. A decree was entered on October 6, 1952, cancelling the deed to the 20-acre tract as prayed in plaintiffs' complaint. The decree further recites that defendants should be permitted to take a non-suit on their cross-complaint but that such action should not prevent the adjudication of the issues tendered in the reply and counterclaim of the plaintiff. As to the 80-acre tract it was decreed that defendants' ancestor, D. C. Dailey, received an advancement covering his full share in the estate of Bob Dailey, deceased, and that defendants had no title or interest in said lands.

The only contention for reversal is that the trial court was without authority or jurisdiction to litigate the issues as to the 80-acre tract after granting defendants' motion for a non-suit on their cross-complaint. This question must be determined from the face of the record since the bill of exceptions was stricken on plaintiff's motion by our order of May 11, 1953.

Ark. Stats., § 27-1407, provides that in any case where a set-off or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed

his action or failed to appear. We have repeatedly held that a voluntary non-suit by the plaintiff leaves the defendant's cross-complaint or counterclaim pending for adjudication under this statute. *Zurich General Accident & Liability Ins. Co. Ltd.* v. *Smith,* 209 Ark. 135, 189 S. W. 2d 718. In *Church* v. *Jones,* 167 Ark. 326, 268 S. W. 7, the court said that under this section an answer alleging a counterclaim is, in effect, the institution of a cross-action against the plaintiff for a recovery under the facts set up in the counter-claim and entitles defendant to any relief consistent with the evidence and the issue.

We hold that the principles announced in the foregoing cases are applicable where the defendants, as here, brought in the new issue as to the 80-acre tract in their cross-complaint. The cross-complaint was in the nature of a cross-action by the defendants against the plaintiff on a new issue. Before the non-suit was taken, plaintiff filed her reply in which issue was joined on the cross-complaint and she set up her counterclaim as to the 80-acre tract. The trial court had the authority and right to proceed to a determination of the issues tendered by plaintiff's counterclaim to the cross-action filed by defendants as to the 80-acre tract, although defendants had taken a non-suit on the cross-complaint. The decree so holding is affirmed.