Zimmerman, J.
The one question before the court on this appeal is whether, on the facts narrated in the statement of the case, the trial court possessed the authority to dismiss the action, and, if so, was such authority properly exercised.
It is apparent from the record that William J. Kraus, an attorney at law duly admitted to practice in the courts of Ohio, has represented Raible throughout this cause. He affixed his name as attorney to the amended petition, he was personally present during all the proceedings in the trial court and he appeared for Raible in the appeals in the Court of Appeals and in this court.
Section 11586, General Code (Section 2323.05, Revised Code), provides:
“An action may be dismissed without prejudice to a further action:
U # * #
“2. By the court, when the plaintiff fails to appear on the trial;
i ( # # *
*29 “5. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action
The counterpart of subdivision 5 above quoted was applied by a trial court in dismissing an action where the plaintiff refused to obey an order to elect against which of two defendants he would prosecute his action, and both the Circuit Court and this court approved such procedure. French, Admr., v. Central Construction Co., 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669, 118 Am. St. Rep., 891.
In 6 Ohio Jurisprudence (2d), 56, Section 38, the following statement is made:
“The general agency rule that the principal is chargeable with and bound by the knowledge of or notice to his agent received by the agent in due course of his employment, with reference to matters to which his authority extends, even though such knowledge or notice is not actually communicated to the principal, applies to the relation of attorney and client, and an attorney’s notice or knowledge of facts affecting the rights of his client will be considered notice to the latter. Thus, the rule applies to notice to an attorney in connection with a pending judicial proceeding, it being said that if this were not so, the orderly and effective administration of justice would be thwarted, and by carelessness or collusion unseemly and unjust delays would be judicially sanctioned.”
And in American Export & Inland Coal Corp. v. Matthew Addy Co., 112 Ohio St., 186, 147 N. E., 89, this court held in the second paragraph of the syllabus:
“The general rule that notice to an agent is .notice to his principal applies to the relation of attorney and client, and an attorney’s notice or knowledge of facts affecting the rights of his client will be considered notice to the latter.”
*30 Compare Lutz v. Evatt, Tax Commr., 144 Ohio St., 635, 60 N. E. (2d), 473.
Such statements represent the view of courts generally. See 5 American Jurisprudence, 302, Section 74; 7 Corpus Juris Secundum, 853, Attorney and Client, Section 69.
. Notice to the attorney of a party to a legal proceeding respecting matters arising and orders made during the course of litigation is generally imputable to such party. 7 Corpus Juris Secundum, 865, Attorney and Client, Section 69. Compare Roma v. Industrial Commission, 97 Ohio St., 247, 250, 119 N. E., 461, 462.
Thus, in the case of Dillon v. Hawkins, 147 Ark., 1, 6, 227 S. W., 758, 760, the court remarked:
“Ordinarily litigants appear by attorneys, who act for them. Litigants are, therefore, necessarily charged with any knowledge possessed by their attorneys in regard to the orders of the court relating to the trial of the causes, and Dillon must, therefore, be charged with the knowledge of his local attorney, although that attorney had failed to communicate the knowledge to •him.”
Raible instituted the present action and employed Kraus as the attorney to represent him in the litigation. As an incident to the allegations of the amended petition and the relief sought thereby, an affected party defendant moved the court for instructions pertaining to a relevant matter. Although subpoenaed to appear in court in connection with the hearing of such motion, Raible failed to respond.
The powers of a trial court over the conduct of litigation are broad, and when necessary it may resort to .drastic measures to control and discipline recalcitrant litigants.
In our opinion the trial court possessed the authority to make the order that Raible appear in court to shed light on a complication precipitated by the *31 filing of his amended petition, under penalty of having his action dismissed for disobedience of such order,' and we believe that subdivision 5 of Section 11586, General Code (subdivision E, Section 2323.05, Revised-Code), was properly applied by the trial court in the situation presented. Moreover, notice to Kraus of the proposed dismissal for disobedience of the court’s-, order was notice to Raible.
Let it be observed in passing that Raible’s attitude persistently displayed in this and related litigation is not to be commended. The dilatory tactics he has pursued at every opportunity have sorely tried the patience of several courts.
Upon the basis of what has been said, the judgment of the Court of Appeals is affirmed.

Judgment affirmed-.

Weygandt, C. J., Middleton, Hart, Stewart and Lamneck, J J., concur.
Taft, J., not participating.