DORSEY v. DORSEY.

5-933                                         289 S. W. 2d 190

Opinion delivered April 9, 1956.

*J. E. Brazil* and *Clay Brazil,* for appellant.

*Gordon & Gordon,* for appellee.

LEE SEAMSTER, Chief Justice. The appellant, J. L. Dorsey, and the appellee, Dorothy T. Dorsey, were married in Georgia on the 20th day of July, 1954, and lived together as husband and wife until the 14th day of January, 1955, when the appellant left Georgia and moved to Morrilton, Arkansas. On the 18th day of March, 1955, the appellant filed suit for divorce in the Chancery Court of Conway County, Arkansas. On the same day an Attorney Ad Litem was appointed for the appellee and a warning order was issued by the Chancery Clerk.

On June 10, 1955, appellee filed an answer and cross-complaint in which she prayed for a divorce, temporary and permanent alimony, attorney's fees, adjudication of certain property rights, and other relief. On July 11, 1955, the appellee filed an amendment to the cross-complaint asking for a lien on certain property owned by appellant, which was located in Morrilton, Arkansas. The appellee requested the appointment of a receiver to collect rents on the property. The appellee also filed a Lis Pendens notice on the same date.

Thereafter, on July 14, 1955, the appellant filed a motion to dismiss the action on the grounds that he had not completed residence and domicile requirements in Arkansas and the appellee was not a resident of Arkansas, therefore, the Conway Chancery Court did not have

jurisdiction over the action. The appellant insisted that there was pending in the State of Georgia an action involving substantially the same issues between the parties. The trial court denied the action to dismiss and this appeal follows.

Under our Statutes (Sec. 27-1405 and Sec. 27-1406, Ark. Stats., Anno. 1947), the appellant has the right to dismiss his complaint, but he has no right to a dismissal of the appellee's cross-complaint. In the instant case, the motion of the appellant was to dismiss both the complaint and cross-complaint.

The trial court was correct in refusing the appellant's motion to dismiss the appellee's cross-complaint. In divorce cases, the court having jurisdiction, the defendant may proceed to a final decree on the cross-complaint, where the plaintiff either dismisses his complaint or is denied relief. See *Rowell* v. *Rowell,* 184 Ark. 643, 43 S. W. 2d 243; *McDougal* v. *McDougal,* 205 Ark. 945, 171 S. W. 2d 942; and the Annotation in 89 A. L. R. 1203.

Section 27-1407, Ark. Stats. Anno., 1947, provides that in any case where a set off or counter-claim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action or failed to appear. See also *Dillon* v. *Hawkins,* 147 Ark. 1, 227 S. W. 758; *Church* v. *Jones,* 167 Ark. 326, 268 S. W. 7. We have also held that a dismissal of a complaint by the plaintiff after a cross-complaint has been filed will leave the cross-complaint pending for such disposition by the court as the law and facts may justify. *Dailey* v. *Allen,* 222 Ark. 402, 259 S. W. 2d 516; *Tarr* v. *Tarr,* 207 Ark. 622, 182 S. W. 2d 348; *Zurich General Accident and Liability Ins. Co. Ltd.* v. *Smith,* 209 Ark. 135, 189 S. W. 2d 718.

Should the appellant dismiss his complaint the case would stand for trial on the cross-complaint of the appellee. The appellant would be in court on the cross-complaint by reason of initially filing his complaint and seeking relief against appellee.

Decree affirmed.