ELSIE B. BURTON *v.* R. L. BURTON

5-3987                                                      407 S. W. 2d 738

Opinion delivered November 7, 1966

*Thorp Thomas* and *Roy Finch Jr.,* for appellant.

*Ben M. McCray,* for appellee.

ED. F. McFADDIN, Justice. A marriage of 24 years has culminated in this divorce suit. We deliberately forego a detailing of the evidence because on this appeal the appellant, Mrs. Burton, seeks a reversal on the grounds of condonation, claimed to have occurred after she filed her suit for divorce. She cites such cases as *Harris* v. *Harris,* 209 Ark. 528, 191 S. W. 2d 465; *Buck* v. *Buck,* 205 Ark. 918, 171 S. W. 2d 939; and *McDougal* v. *McDougal,* 205 Ark. 945, 171 S. W. 2d 942. The case was not tried or decided on the issue of condonation; and it does not appear to have been mentioned in the trial court except in a few lines of testimony, which the appellant has seized on for reversal here.

Most jurisdictions hold that condonation is a defense which generally has to be pleaded. 24 Am. Jur. 2d

642, "Divorce and Separation," § 318. But regardless of that matter, the fact remains that condonation, even if pleaded, would not have been a good defense in this case for the reason that we now give.

Mrs. Burton filed her suit for divorce on May 21, 1965. The claimed act of condonation is alleged to have occurred on July 4, 1965. It was not until August 10, 1965, that Mr. Burton filed his cross complaint for divorce. Mrs. Burton never filed any pleadings denying the cross complaint or answering any of the allegations. The case was tried before the Chancellor on September 16, 1965, and resulted in a divorce decree in favor of Mr. Burton. Thus, even if there were any act of condonation (which is doubtful), nevertheless the divorce was granted on a cross complaint on a cause of action which occurred after the claimed condonation.

Even though the husband is prevailing on this appeal, we nevertheless tax the actual costs of this appeal against appellee.

Affirmed.