## GENERAL PUBLISHING CO., INC.
*v.* Edward J. ERXLEBEN, Director of Purchasing
for the State of Arkansas, and
Julia Hughes JONES, Auditor for the State of Arkansas

84-79                                       671 S.W.2d 182

Supreme Court of Arkansas
Opinion delivered July 2, 1984
[Rehearing denied September 10, 1984.*]

*PURTLE and DUDLEY, JJ., not participating.

*Brown & Patten*, by: *Charles A. Brown*, for appellant.

*Steve Clark*, Att'y Gen., by: *Thomas S. Gay*, Asst. Att'y Gen., for appellee.

P. A. HOLLINGSWORTH, Justice. The appellee, Edward Erxleben, as Director of Purchasing for the State of Arkansas, invited bids on April 7, 1981, for the printing of Volumes 269, 270, and 271 of the Arkansas Reports. The contract was awarded to the lowest bidder, United Services of Arkansas Inc., on April 24, 1981. At the time its bid was accepted, United Services had forfeited its charter for failure to pay its franchise tax. The appellee did not have actual knowledge of their defunct status at the time the contract was awarded. The appellant, General Publishing Co., Inc., submitted the next lowest bid and protested the director's action in awarding the contract. The protest was denied and the State honored the contract, even after being notified of United Services' failure to pay its franchise tax.

United Services paid the taxes and was reinstated after the contract was awarded but before the work was completed. The contract was fully performed and United Services was paid by the appellee, Julia Hughes Jones, the state auditor. The appellant filed a lawsuit challenging the appellees' actions. The trial court dismissed the action on a motion for summary judgment filed by the appellees. It is from that action that this appeal is brought. This case comes to us under Sup. Ct. R. 29 (1) (a) & (c) because it involves interpreting the Arkansas Constitution and Arkansas statutes.

The trial judge granted the appellees' motion for summary judgment on the grounds that no justiciable controversy existed, and the appellant was seeking in impermissible advisory opinion on a moot question.

Volumes 269, 270 and 271 of the Arkansas Reports have already been printed and United Services has been paid for its work. Therefore, the question of determining who is the proper party to be awarded the contract is moot. We do not ordinarily decide moot issues, *Mabry* v. *Kettering*, 92 Ark.

81, 122 S.W. 115 (1909), and will not here. We agree with the trial court and affirm.

Affirmed.

PURTLE and DUDLEY, JJ., not participating.