2012 Ark. 180

**HARRILL & SUTTER, PLLC, Appellant**

v.

Hank FARRAR; Lanessa Bass; Tonya Thompson; Allan Sugg; The University of Arkansas Board of Trustees; Mariam T. Hopkins; Anderson, Murphy & Hopkins, LLP; and Arkansas Children's Hospital, Appellees.

No. 11–894.

Supreme Court of Arkansas.

April 26, 2012.

Luther Oneal Sutter, Harrill & Sutter, P.L.L.C., Benton, for appellants.

R.T. Beard, Michelle H. Cauley, Delena C. Hurst, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., Little Rock, for appellee Arkansas Children's Hospital.

PAUL E. DANIELSON, Justice.

⌊₁Appellant Harrill & Sutter, PLLC, appeals an order of the Saline County Circuit Court finding that appellees Dr. Hank Farrar, Dr. Lanessa Bass, Dr. Tonya Thompson, Mariam T. Hopkins, and Anderson, Murphy & Hopkins, LLP, were not the custodians for the Freedom of Information Act (FOIA) request to appellee Allan Sugg, in his official capacity, or to appellee University of Arkansas Board of Trustees, or to University of Arkansas for Medical Sciences (UAMS); that they did not have administrative control of the public records of those entities; that the records sought by Harrill & Sutter were not "public records" under FOIA and, therefore, were not subject to a FOIA request; and, that the litigation files and documents sought by the FOIA request at issue were subject to attorney-client privilege and ⌊₂were work-product. Because we cannot say that the circuit court erred in finding that the FOIA did not apply, we affirm the order of the circuit court.

Many of the following facts were previously set forth by this court in a prior appeal, *Harrill & Sutter v. Farrar*, 2011 Ark. 181, 2011 WL 1588001; however, we will state them again as they are necessary for a full understanding of the instant appeal. Harrill & Sutter filed a complaint in the Saline County Circuit Court alleging a violation of Arkansas's Freedom of Information Act (FOIA), codified at Ark.Code Ann. §§ 25–19–101 to –110 (Repl.2002 & Supp.2011). Harrill & Sutter had previously filed a medical-malpractice action against three physicians—Dr. Farrar, Dr. Bass, and Dr. Thompson—who were employed by UAMS. Mariam Hopkins, a partner at the law firm of Anderson, Murphy & Hopkins, LLP, was hired to represent the physicians. Harrill & Sutter subsequently filed a FOIA request asserting that because she represented public employees, Ms. Hopkins's file was a public record. Ms. Hopkins disputed that her file was a public record subject to FOIA and refused to allow Harrill & Sutter to inspect it.

Harrill & Sutter then filed the present case, alleged a violation of the FOIA, specifically section 25–19–105, and named as defendants Dr. Farrar, Dr. Bass, and Dr. Thompson, all in their official capacities,

along with Ms. Hopkins and Anderson, Murphy & Hopkins, LLP. An amended complaint named Alan Sugg, president of the University of Arkansas, in his official capacity, and the University of Arkansas Board of Trustees, as additional defendants. The circuit court granted a motion to intervene filed by appellee Arkansas Children's |₃Hospital, Medical Assurance Company, and Alison Baldridge.[1] Dr. Farrar; Dr. Bass; Dr. Thompson; Mariam Hopkins; Anderson, Murphy & Hopkins; and Arkansas Children's Hospital all filed a counterclaim seeking a declaration that the FOIA did not apply and, in the event it was found to apply, its application in these circumstances was an unconstitutional violation of the attorney-client privilege.[2] In the event that the court determined that the FOIA was not unconstitutional as applied to these circumstances, the counterclaimant requested a protective order staying production of the information pending the final adjudication of the underlying medical-malpractice case.

The circuit court ultimately concluded that the FOIA did not apply to the relevant records, the doctors, or the attorneys in the instant case and entered an order to that effect on May 18, 2010. However, during the FOIA trial, Harrill & Sutter moved to nonsuit all of its claims. Although the circuit court granted the motion orally, this court dismissed the first appeal in this case because there had been no written order to that effect ever entered and, therefore, there was not a final judgment as required by Arkansas Rule of Civil Procedure |₄54(b). *See Harrill & Sutter, PLLC, supra.* Additionally, this court noted that the circuit court's order recognized that Arkansas Children's Hospital intervened in the action, but did not mention the counterclaims of the other two intervenors, Medical Assurance Company and Alison Baldridge, making it appear that those two counterclaims remained outstanding. *See id.*

After the appeal was dismissed, the circuit court entered an amended order on May 23, 2011. That order clarified that while Arkansas Children's Hospital was a counterclaimant, Medical Assurance Company and Alison Baldridge were not. Additionally, the order contained the following specific findings of fact: Dr. Farrar, Dr. Bass, and Dr. Thompson were medical doctors employed by UAMS but practiced medicine at Arkansas Children's Hospital; Mariam Hopkins and Anderson, Murphy & Hopkins were the private practice lawyers who were retained by the doctors and First Professional Insurance Company (FPIC) to represent the doctors in an underlying medical-malpractice case (Chavez); while UAMS paid the premium for the policy, the insurance policy issued by FPIC individually named the physicians as individual insureds and insured them personally in the Chavez litigation; UAMS was a public entity subject to the FOIA

---

1.  Arkansas Children's Hospital was named as a defendant in the underlying medical-malpractice action. In their brief supporting their complaint in intervention, the intervenors asserted that they had a shared defense with the defendants and that some of the information requested by Harrill & Sutter potentially related to their defensive strategies in pending cases.

2.  The counterclaimants provided proof of notice to the Attorney General as required by Arkansas Code Annotated section 16–111–106. The Attorney General's office, by letter dated March 20, 2009, acknowledged receiving notice that the counterclaimants challenged the constitutionality of Arkansas's FOIA but declined to intervene, noting that because of the parties' adverse interests there was no reason to doubt that the constitutionality of the challenged statute would be fully and competently defended.

and its custodian of records, Mark Hagemeier, did not have administrative control over the private litigation files of the doctors or their attorneys; the doctors nor the attorneys were public individuals or entities subject to the FOIA; the doctors nor the attorneys were the custodian for the FOIA request to Allan Sugg or to the University of Arkansas Board of Trustees or to UAMS; the records sought by the FOIA request were not "public records" under the FOIA; the litigation file requested contained medical records and medical information exempt from the FOIA; the release of the records requested would violate the attorney-client privilege and work-product doctrine, as well as give an advantage to a competitor.

Furthermore, on June 2, 2011, the circuit court entered a written order granting Harrill & Sutter's motion to dismiss its FOIA complaint, but denying its request for a hearing. Harrill & Sutter then filed a second notice of appeal from the circuit court's order. We now turn to the merits of Harrill & Sutter's appeal.

Harrill & Sutter begins by arguing that the FOIA is constitutional and that Appellees' challenge was moot. However, we note that the constitutionality of the FOIA is not at issue in the instant case. In its order, the circuit court specifically found that it was not necessary to decide the constitutional issue in this case because it alternatively found that the FOIA had no application to the records requested or to the doctors and their attorneys. Therefore, there is not a constitutional issue ripe for appeal.

Next, Harrill & Sutter asserts that the circuit court erred in allowing the counterclaim to go forward because Appellees lacked standing and, regardless, it became moot when Harrill & Sutter withdrew its FOIA request and took a voluntary nonsuit of its complaint. Appellees respond

that Harrill & Sutter did not timely raise its standing challenge and that they had proper personal stake in the outcome of the instant case and, thereby, had proper standing to file the counterclaim. They further contend that the circuit court properly allowed them to pursue that counterclaim regardless of Harrill & Sutter's decision to nonsuit its claim.

The question of standing is a matter of law for this court to decide, and this court reviews questions of law de novo. *See Walker v. Arkansas State Bd. of Educ.*, 2010 Ark. 277, 365 S.W.3d 899.

While in its motion to dismiss or motion for judgment as a matter of law, Harrill & Sutter argued that private entities did not have standing "to challenge the constitutionality of the FOIA," that was not the only relief requested by Appellees in the counterclaim and was not ruled on by the circuit court. Harrill & Sutter failed to challenge standing in its answer to the counterclaim.

Arkansas Rule of Civil Procedure 8(c) (2011) requires that an answer to a counterclaim include any affirmative defense. While standing is not specifically listed as an affirmative defense, the rule does specify that it includes "any other matter constituting an avoidance or affirmative defense." Furthermore, it is hard to ignore that it was Harrill & Sutter that first assumed Appellees were proper parties in a FOIA action as evidenced by its original complaint against them. Surely, if Harrill & Sutter first sued Appellees pursuant to the FOIA, it could not then have believed Appellees were not permitted to file a counterclaim seeking a declaration regarding the FOIA's applicability.

When the issue of standing is not properly developed below, we do not address it on appeal. *See, e.g., Arkansas Game & Fish Comm'n v. Murders*, 327

Ark. 426, 938 S.W.2d 854 (1997). Additionally, this court has held that a lack of standing does not deprive a court of jurisdiction. *See id. See also Pulaski County v. Carriage Creek Improvement Dist. No. 639*, 319 Ark. 12, 888 S.W.2d 652 (1994); *State v. Houpt*, 302 Ark. 188, 788 S.W.2d 239 (1990).

As noted, Appellees, in response to Harrill & Sutter's FOIA request and subsequent complaint for failure to comply, filed a counterclaim seeking declaration from the circuit court that the FOIA did not apply to them or to the documents sought by Harrill & Sutter in its request. The Declaratory Judgment Act states, in pertinent part:

Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Ark.Code Ann. § 16–111–106 (Repl.2006).

Although Harrill & Sutter orally stated during trial that it would withdraw the FOIA request and nonsuit the complaint, Appellees opted to proceed with their counterclaim. This court has held that a defendant has the right to pursue the counterclaim even though the plaintiff has dismissed his original claim. *See Lemon v. Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991).

■ Rule 41(a) of the Arkansas Rules of Civil Procedure provides that,

[i]n any case where a set-off or counterclaim has been previously presented, the defendant shall have the right of proceeding on his claim although the plaintiff may have dismissed his action.

Ark. R. Civ. P. 41(a)(3) (2011). Thus, a voluntary dismissal of the plaintiff's original claim does not affect, but leaves for adjudication, the defendant's counterclaim. *See Lemon, supra* (citing *Dorsey v. Dorsey*, 226 Ark. 192, 289 S.W.2d 190 (1956)).

We additionally note that Harrill & Sutter's nonsuit was not filed until after the completion of the trial, after the circuit court had issued its opinion and judgment, and after the circuit court entered its amended opinion and judgment. As this court noted in the first appeal presented in this case, under Arkansas Rule of Civil Procedure 41(a)(1), a voluntary nonsuit is "effective only upon entry of a court order dismissing the action." For all these reasons, we find no merit in Harrill & Sutter's argument that the circuit court erred in permitting Appellees to move forward on their counterclaim.

■ Harrill & Sutter next argues that the circuit court erred in holding that the FOIA was not applicable in the instant case. Appellees aver that the circuit court was correct in finding that they were not public individuals or entities subject to the FOIA; that the documents requested were not public records subject to the FOIA; and that the documents requested were also exempt from the FOIA under statutory exemptions.

■ The issue of the applicability of the FOIA is a question of statutory interpretation. We review issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *See Bedell v. Williams*, 2012 Ark. 75, 386 S.W.3d 493. This court liberally interprets the FOIA to accomplish its broad and laudable purpose that public business be performed in an open and public manner. *See Fox v. Perroni*, 358 Ark. 251, 188 S.W.3d 881 (2004). Furthermore, we broadly construe the FOIA in

favor of disclosure. *See id.* Arkansas Code Annotated § 25–19–105(a)(1)(A) provides that "[e]xcept as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records." Subsection (a)(2)(A) provides that "[a] citizen may make a request to the custodian to inspect, copy, or receive copies of public records." Ark.Code Ann. § 25–19–105(a)(2)(A).

This court has held that for a record to be subject to the FOIA and available to the public, it must be (1) possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes. *See Nabholz Constr. Corp. v. Contractors for Pub. Prot. Ass'n,* 371 Ark. 411, 266 S.W.3d 689 (2007) (citing *Legislative Joint Auditing Comm. v. Woosley,* 291 Ark. 89, 722 S.W.2d 581 (1987)).

Harrill & Sutter contend that the FOIA request in the instant case is similar to the FOIA request upheld in *City of Fayetteville v. Edmark,* 304 Ark. 179, 801 S.W.2d 275 (1990). However, as the circuit court found, this case differs significantly from the facts presented in *Edmark.* In *Edmark,* we held that memoranda prepared in anticipation of litigation by a city's outside counsel were public records under the FOIA. *See id.* In so holding, we pointed out that the attorneys who wrote the memoranda were acting as the functional equivalent of a city attorney and were paid by public funds. *See id.* Therefore, the city could not avoid FOIA requirements by substituting a private attorney for the city attorney. *See id.* Likewise, in *Swaney v. Tilford,* 320 Ark. 652, 898 S.W.2d 462 (1995), we considered the working papers of third-party auditors public records under the FOIA where a state agency hired an outside auditing company to perform its required audits. In both *Edmark* and *Swaney,* private entities were hired by public entities subject to the FOIA and the records sought were public records under the FOIA.

In the instant case, Mariam Hopkins and Anderson, Murphy & Hopkins were private attorneys who were hired by, were paid by, and reported to the private medical-malpractice liability insurance carrier of the doctors, FPIC. The doctors sued in the underlying medical-malpractice claim were sued in their personal capacity. While Harrill & Sutter made an attempt to make its suit against Dr. Farrar, Dr. Bass, and Dr. Thompson appear as if it was against public individuals by naming them supposedly in their official capacities, to do so was meaningless. The lawsuit filed against Dr. Farrar, Dr. Bass, and Dr. Thompson involved their medical care and treatment of a patient and was indeed, as admitted by Harrill & Sutter in oral argument, a lawsuit initiated to recover from their private liability carrier. Simply changing the request to name the doctors in their official capacity did not change the nature of the documents requested, converting them from private to public.

The individual doctors were the named policyholders with FPIC. When the doctors were sued for medical malpractice, FPIC retained the attorneys. The litigation file requested was created in the course of this representation, not in the course of public business. This is clearly not a case in which the private attorneys represented a public entity subject to the FOIA, preparing records that would be subject to the FOIA and serving as the custodian of those records. The records requested here are simply not public records subject to disclosure under the FOIA.

For these reasons, we cannot say the circuit court erred in finding that the FOIA did not apply, and we affirm. Because we find that the FOIA did not apply in the instant case, we will not discuss the remaining points on appeal regarding exemptions.

Affirmed.

GOODSON, J., not participating.