
SLIP OPINION

Cite as 2013 Ark. 391

# SUPREME COURT OF ARKANSAS

No. CV-12-938

| | |
|---|---|
| DON ETHERLY AND CHRISTOPHER FRANKLIN<br><br>APPELLANTS<br><br>V.<br><br>HOWARD NEWSOME, REVEREND CEDRIC PRIDE AND LEON RINKE<br><br>CITY OF HELENA-WEST HELENA; HONORABLE ARNELL WILLIS IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF HELENA-WEST HELENA; AND SANDI RAMSEY IN HER OFFICIAL CAPACITY AS THE CITY CLERK OF THE CITY OF HELENA-WEST HELENA<br><br>APPELLEES | **Opinion Delivered** October 10, 2013<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. CV2012-158-2]<br><br>HONORABLE RICHARD PROCTOR, JUDGE<br><br><br><br><u>APPEAL DISMISSED</u>. |

**JIM HANNAH, Chief Justice**

Appellants, Don Etherly and Christopher Franklin, appeal the Phillips County Circuit Court's denial of their motions to intervene in a case involving the filing period for the November 6, 2012 election. We dismiss the appeal because this case is moot.

The filing period for any person desiring to become an independent candidate for municipal office is set by statute. *See* Ark. Code Ann. § 14-42-206(b)(1) (Supp. 2011) (setting the filing period for not more than ninety days nor less than seventy days before the general election by 12:00 noon). But the governing body of a city may enact an ordinance to change

the filing period so that it begins no earlier than twenty days prior to the preferential primary election and ends no later than 12:00 noon on the day before the preferential primary election. *See* Ark. Code Ann. § 14-42-206(d)(1)(A). The ordinance shall be enacted no later than ninety days prior to the filing deadline, and the ordinance shall be published at least once a week for two consecutive weeks immediately following the adoption of the ordinance in a newspaper having a general circulation in the city. *See* Ark. Code Ann. § 14-42-206(d)(2).

On July 11, 2012, appellees, Howard Newsome, Rev. Cedric Pride, and Leon Rinke, filed a complaint for declaratory judgment and mandamus in the circuit court against Helena-West Helena Mayor Arnell Willis and City Clerk Sandi Ramsey, requesting that the circuit court enter an order (1) declaring that the filing period for independent candidates for municipal offices for the City of Helena-West Helena is governed by Arkansas Code Annotated section 14-42-206(b) and, therefore, the filing period starts July 27, 2012, and (2) mandating that city officials notify the election officials of the proper filing date and see that all citizens have access to filing for any municipal office. In the complaint, the appellees alleged that some independent candidates for municipal office had presented to the Phillips County Circuit Clerk a purported city ordinance that changed the filing period from that set by section 14-42-206(b) to the filing period permitted by section 14-42-206(d)(1)(A).

A hearing was held on July 13, 2012, and a copy of the purported ordinance was admitted into evidence. Jessie Vescon Hollowell, Jr., a member of the Helena-West Helena City Council, testified that the City did not enact an ordinance to change the filing period.

2

He further testified that the purported ordinance, which bore the County Clerk's stamp of May 21, 2012, had caused confusion and uncertainty for the citizens of Helena-West Helena. Hollowell stated that the purported ordinance would preclude candidates from running for office if they had not filed on or before May 21, 2012, which was the day before the preferential primary election. Hollowell also stated that the purported ordinance was never published in the newspaper.

City Clerk Ramsey testified that she was unaware of any ordinance changing the filing period and that, to her knowledge, there was never any publication of such an ordinance. Ramsey added that "there was never a discussion by the City Council of Helena-West Helena to think about changing" the filing period.

Mayor Willis testified that, during the time that he had served as mayor, the City Council had not presented and passed an ordinance changing the filing period. According to Willis, the filing period was supposed to begin on July 27, 2012.

At the conclusion of the hearing, the circuit court found that the filing of the purported ordinance on May 21, 2012, appeared to be an effort to prevent a fair election; declared that the purported ordinance was invalid and of no effect; and ordered that the filing period was to begin on July 27, 2012. Accordingly, the circuit court granted the complaint for declaratory judgment and mandamus in an order entered July 13, 2012.

Franklin filed a motion to intervene on August 6, 2012, alleging that the complaint for declaratory relief was improper and amounted to collusion by the parties. He further alleged that candidates who had already filed for municipal office were not made parties to



the declaratory action. Etherly filed a motion to intervene on August 8, 2012, alleging that potential candidates had already filed for office in accordance with the ordinance, that none of the potential candidates were notified of the hearing before the circuit court, and that any attempt to challenge the ordinance, if successful, would divest potential candidates of rights obtained by acting in accordance with the ordinance.

The circuit court denied Etherly's motion to intervene in an order entered October 12, 2012, and Franklin's motion to intervene in an order entered October 18, 2012. The circuit court found that both motions were untimely. Etherly and Franklin appeal, contending that the circuit court erred in denying their motions to intervene and that their due-process rights were violated because they were not notified of the hearing on the complaint for declaratory judgment and mandamus.

We do not reach the merits of the appellants' arguments on appeal because this case is moot. As a general rule, the appellate courts of this state will not review issues that are moot because to do so would be to render an advisory opinion, which this court will not do. *See Allison v. Lee Cnty. Election Comm'n*, 359 Ark. 388, 390, 198 S.W.3d 113, 114 (2004). Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Lott v. Langley*, 2013 Ark. 247, at 2. We have, however, recognized two exceptions to the mootness doctrine. *Id.* The first exception involves issues that are capable of repetition, yet evade review, and the second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.*

This case is moot for two reasons. First, the filing period at issue concerned the election held November 6, 2012, and it is now October 10, 2013.[1] The second reason this case is moot is that both Etherly and Franklin won their respective races in the November 6, 2012 election.[2] Having reviewed the record, we conclude that the appellants' case does not fall within either exception to the mootness doctrine. Accordingly, we dismiss the appeal.

Appeal dismissed.

*Don R. Etherly* and *Christopher Franklin*, pro se appellants.

*Schieffler Law Firm*, by: *Edward H. Schieffler*, for appellees.

---

[1]The record reflects that the parties did not seek expedited consideration of this case. *See* Ark. Sup. Ct. R. 6-1(b) (2013) ("[T]he pleader shall inform the Clerk's office of the need for an emergency or accelerated hearing by the Court.").

[2]We take judicial notice of the November 6, 2012 election results that were certified by the Phillips County Election Commission on November 16, 2012. In the race for Helena–West Helena City Council Ward 3, Position 1, the Commission certified the results as 454 votes for Christopher "Foe Foe" Franklin and 347 votes for Cedric D. Pride. The Commission certified the results of the Ward 5, Position 2 race as 581 votes for Don Etherly and 315 votes for Eddie Lee, Jr.

SLIP OPINION