

# SUPREME COURT OF ARKANSAS

**No.** CV–13–419

|  |  |
|---|---|
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS<br><div align="right">PETITIONER</div><br>V.<br><br>CRAWFORD COUNTY CIRCUIT COURT, THE HONORABLE MICHAEL MEDLOCK, JUDGE<br><div align="right">RESPONDENT</div> | **Opinion Delivered** FEBRUARY 13, 2014<br><br>PETITION FOR WRITS OF MANDAMUS, PROHIBITION, AND CERTIORARI<br>[NO. 17CV-2011-480 II]<br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br><u>PETITION MOOT</u>. |

**DONALD L. CORBIN, Associate Justice**

Petitioner, the Board of Trustees of the University of Arkansas (the "Board"), seeks the extraordinary writs of mandamus, prohibition, and certiorari directed to Respondent, the Circuit Court of Crawford County, the Honorable Michael Medlock, Judge, to stop the court from proceeding further on an amended complaint for wrongful discharge styled *Mike Burcham v. The University of Arkansas Fort Smith by and Through the Board of Trustees of the University of Arkansas; Paul B. Beran, UAFS Chancellor; and Mark Horn, UAFS Vice Chancellor,* No. 17CV-2011-480-I. The Board petitions for these extraordinary writs following the circuit court's denial of its motion to dismiss based on lack of venue, sovereign immunity, lack of service, and failure to state a claim upon which relief can be granted. We allowed this petition for extraordinary writs to be taken as a case only on the issue of venue. We also decide today, in a separate interlocutory appeal pursuant to Ark. R. App. P.–Civ. 2(a)(10) (2013), the issue of sovereign immunity. *See Bd. of Trustees v. Burcham,* 2014 Ark ___, ___

SLIP OPINION

S.W.3d ___. Jurisdiction of this petition for extraordinary writs is properly in this court pursuant to Ark. Sup. Ct. R. 1–2(a)(3) (2013).

Our decision delivered today in the companion interlocutory appeal that the Board is entitled to sovereign immunity renders the instant petition for extraordinary writs moot. We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Brown v. Brown*, 2012 Ark. 89, 387 S.W.3d 159. Generally, the appellate courts of this state do not review issues that are moot, because to do so would be to render advisory opinions, which this court will not do. *Id.*

Sovereign immunity is jurisdictional immunity from suit, and where sovereign immunity is applicable, the trial court acquires no jurisdiction. *Grine v. Bd. of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999). As a general rule, venue is procedural, not jurisdictional; thus, when a trial court lacks proper venue, it still has the power to render a valid judgment. *Mark Twain Life Ins. Corp. v. Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984). This court has previously explained the distinction between venue and jurisdiction, with venue meaning the place, that is, the county or district wherein a cause is to be tried; and jurisdiction meaning, not the place of trial, but the power of the court to hear and determine a cause, including the power to enforce its judgment. *Gland-O-Lac Co. v. Franklin Cnty. Cir. Ct.*, 230 Ark. 919, 327 S.W.2d 558 (1959). Thus, the jurisdictional issue of sovereign immunity and whether it was waived should be addressed prior to the procedural issue of venue. *See Ark. Dep't of Cmty. Correction v. City of Pine Bluff*, 2013 Ark. 36, ___ S.W.3d ___ (addressing sovereign immunity first and

2

not ruling on venue when both sovereign immunity and venue were challenged in the same appeal).

Because we have today concluded in the companion interlocutory appeal that the Board is indeed entitled to sovereign immunity, the case against the Board has been dismissed. *Bd. of Trustees v. Burcham*, 2014 Ark. ___, ___ S.W.3d ___. Following the dismissal based on sovereign immunity, there is no longer any existing legal controversy within which a justiciable issue is presented for our determination. The instant petition for extraordinary writs based on lack of venue is therefore moot. Accordingly, we refrain from issuing an advisory opinion on the venue question here presented.

Petition moot.

Special Justice A. VAUGHAN HANKINS joins in this opinion.

GOODSON, J., not participating.

*Matthew McCoy*, Associate General Counsel, University of Arkansas System, for petitioner.

*Holmes & Holmes, PLLC*, by: *Kevin R. Holmes*, for respondent.