SLIP OPINION

Cite as 2015 Ark. 17

# SUPREME COURT OF ARKANSAS

No. CV–14–272

| | |
|---|---|
| BOARD OF DIRECTORS OF THE CITY OF HOT SPRINGS, ARKANSAS<br>APPELLANT<br><br>V.<br><br><br>GEORGE PRITCHETT, PEGGY MARUTHER-THURMAN, DAN LEWIN, DR. JACK STERNBERG, ROBERT DRIGGERS, and CAPTAIN BILL RIGGINS<br>APPELLEES | Opinion Delivered January 22, 2015<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. CV-2013-788-I]<br><br>HONORABLE TED CAPEHART, SPECIAL CIRCUIT JUDGE<br><br>DISMISSED IN PART; AFFIRMED IN PART. |

**ROBIN F. WYNNE, Associate Justice**

The Board of Directors of the City of Hot Springs (the Board) appeals from two separate orders of the Garland County Circuit Court. In the first order, the circuit court found that the Board had violated the Arkansas Freedom of Information Act. In the second order, the circuit court awarded appellees attorney's fees in the amount of $3000 and costs in the amount of $530. Appellees have filed a motion to dismiss the appeal as moot. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(6) (2014). We dismiss the appeal as moot in part and affirm in part.

In 2011, the Board passed an ordinance allowing for a twenty-one-minute public-comment period following its regular meetings. Lance Hudnell, the city manager at the time the ordinance was passed, unilaterally decided to allow all regular meetings, including the

public-comment period, to be telecast. The public-comment period was televised until the Board agreed at a workshop retreat held at Brady Mountain Lodge on February 8, 2013, to cease televising the public-comment period. The Board then implemented the decision to cease the telecast of the public-comment period without further action.

Appellee Robert Driggers sent a letter to the city on August 2, 2013, in which he requested that the decision to cease the telecast be suspended until it was ratified by the Board at a regular public meeting. The city attorney for Hot Springs responded to Mr. Driggers's request in a letter stating that, because the decision to televise the public-comment period was an administrative decision, no formal action by the Board was required to cease the broadcast. The city attorney also responded to a request for information from a local newspaper regarding how the decision was made by stating that no vote would be required and that the consensus of the Board was to cease broadcasting the public-comment period. The mayor responded to an email query from Mr. Driggers and stated that, at the retreat, the Board had reached a six-to-one consensus regarding the issue.

On October 11, 2013, appellees filed a petition for relief under the Arkansas Freedom of Information Act (FOIA). The Board responded to the petition, stating that proper and lawful notice of the workshop had been given and that no action or vote was required for the Board to cease televising the public-comment period. The parties stipulated that the matter would be submitted to the circuit court on the record and without a hearing. On December 2, 2013, the circuit court entered an order in which it found that the action by the Board on February 8, 2013, was taken in violation of FOIA and that the Board was required to vote in

public at a regular meeting in order to cease televising the public-comment period. Specifically, the circuit court found that, while the original decision to televise the public-comment period was a managerial decision, when the Board met on February 8, 2013, and decided to end the telecast, it became a policy decision by the Board that had to be ratified at a regular meeting. The circuit court also found that appellees were entitled to attorney's fees. Appellees submitted a motion for costs in the amount of $530 and attorney's fees in the amount of $5000. In an order entered on December 16, 2013, the circuit court awarded appellees attorney's fees in the amount of $3000 and costs in the amount of $530. After the circuit court entered its order finding that the Board had violated FOIA, but before this appeal was filed, the Board voted at a regular public meeting to cease televising the public-comment period. This appeal followed.

As stated above, appellees have filed a motion to dismiss the appeal, in which they argue that the Board's vote at the regular meeting to cease televising the public-comment period rendered the issues presented in the appeal moot. Generally, an issue becomes moot when any judgment rendered would have no practical effect upon a then existing legal controversy. *Newman v. Crawford Cnty. Cir. Ct.*, 2014 Ark. 308, at 4. As a general rule, appellate courts of this state will not review moot issues, as doing so would be to render an advisory opinion, which this court will not do. *Id.* However, there are two exceptions to the mootness doctrine. The first exception involves issues that are capable of repetition, yet evade review, and the second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Etherly v. Newsome*, 2013

SLIP OPINION

Ark. 391, at 4. The Board has responded to appellees' motion to dismiss the appeal, arguing that both exceptions to the mootness doctrine apply.

After the order was entered, the Board took the action mandated by the circuit court's order, thereby terminating the controversy between the parties on the issue. Regarding the first exception to the mootness doctrine, while the issue presented may be capable of repetition, it does not evade review. As for the second exception, the issue presented is dependent upon the unique facts of this case and raises no issue of substantial public interest that would prevent future litigation if addressed. Thus, neither exception to the mootness doctrine applies in this case. Therefore, we dismiss the Board's challenge to the circuit court's finding that it violated FOIA as moot.

Appellant also argues that the circuit court erred by awarding appellees attorney's fees. The attorney's fees have yet to be paid; thus, the controversy over the awarded fees still exists. This issue is not moot.

In any action to enforce FOIA, or in any appeal therefrom, the court shall assess against the defendant reasonable attorney's fees and other litigation expenses reasonably incurred by a plaintiff who has substantially prevailed unless the court finds that the position of the defendant was substantially justified. Ark. Code Ann. § 25-19-107(d)(1) (Repl. 2014). The Board argues that it was substantially justified in believing that it had complied with FOIA. The circuit court stated in its December 2, 2013 order that appellees were entitled to a fee. Appellees subsequently submitted a petition for attorney's fees and costs. The Board failed to respond to the fee petition, and it never raised the argument made on appeal before the

circuit court.  Arguments not raised at trial are not considered on appeal.  *Parmley v. Moose*, 317 Ark. 52, 57, 876 S.W.2d 243, 246 (1994).  The order awarding appellees attorney's fees and costs is affirmed.

Dismissed in part; affirmed in part.

*Brian W. Albright*, City Attorney, for appellant.

*Benjamin D. Hooten*, for appellees.

SLIP OPINION