2015 Ark. 143

**CITY OF GREENWOOD, Appellant**

v.

**SHADOW LAKE ASSOCIATION, INC., a/k/a Shadow Lake Property Owners Association, an Arkansas Non Profit Corporation; and Shirley Ann Walters and Jennifer Puckett, Trustees of the Bill and Shirley Walters Family Trust of 2007, Appellees**

No. CV–14–894

Supreme Court of Arkansas.

Opinion Delivered April 9, 2015

---

Mark R. Hayes and Michael Mosley, North Little Rock, for appellant.

Smith, Cohen & Horan, PLC, Fort Smith, by: Stephen C. Smith and Don A. Smith, for appellee Shadow Lake Association, Inc.

Walters, Gaston, Allison & Parker, Attorneys at Law, Greenwood, by: Troy Gaston, for appellees Shirley Ann Walters and Jennifer Puckett, Trustees of the Bill and Shirley Walters Family Trust of 2007.

PAUL E. DANIELSON, Associate Justice

⌊₁Appellant City of Greenwood ("City") appeals from the interlocutory order of the Sebastian County Circuit Court in favor of separate appellees Shadow Lake Association, Inc., a/k/a Shadow Lake Property Owners Association, an Arkansas nonprofit corporation ("SLPOA") and Shirley Ann

Walters and Jennifer Puckett, Trustees of the Bill and Shirley Walters Family Trust of 2007 (collectively, "the Trustees"). The SLPOA and the Trustees had sued the City, claiming that two of the City's ordinances, which were to submit to the City's voters questions relating to the annexation of property, were derived in violation of the open-meetings provision of the Arkansas Freedom of Information Act ("FOIA"). In its order, the circuit court granted injunctive relief by ordering that the ordinances not be included on |₂the November 4, 2014 ballot. *See* Ark. R.App. P.–Civ. 2(a)(6) (2014) (permitting the appeal of an interlocutory order by which an injunction is granted). On appeal, the City asserts that the circuit court erred in finding that the City violated the open-meetings provision of the FOIA, Arkansas Code Annotated § 25–19–106 (Repl. 2014). It alternatively claims that, to the extent this court might find the matter moot, the circuit court's orders should still be reversed or vacated. We dismiss the City's appeal as moot.

The relevant facts are these. On September 30, 2014, the SLPOA filed a complaint against the City regarding an annexation ordinance that included the subdivision of Shadow Lakes Estates, specifically, Ordinance No. 14–13, that was adopted by the City and to be submitted to its voters at the November 4 election. The complaint alleged several irregularities relating to the substance of the ordinance and its adoption by the City's council. Specifically, the SLPOA asserted that (1) in adopting Ordinance No. 14–13, the City failed to strictly comply with Arkansas Code Annotated §§ 14–40–302 to –303 (Repl. 2013), by failing to properly read the ordinance, failing to give notice of the procedures to be followed at the special meeting during which the ordinance was adopted, and denying the right to comment via a public forum; (2) Ordinance No. 14–13 constituted a taking because the legal description contained in the ordinance did not exclude Shadow Lake resulting in a violation of Arkansas Code Annotated § 14–40–501(b)(2) (Repl. 2013); (3) the City acted arbitrarily and capriciously in including and excluding certain properties, which resulted in irregular boundary lines, and pressing forward with annexation when it would not be able to economically sustain and maintain proper services to the annexed properties; and (4) |₃Ordinance No. 14–13's adoption violated the open-meetings provision of the FOIA, where the City's attorney had visited with the City's council members individually. To remedy these alleged violations, the SLPOA sought an injunction removing the ordinance from, or prohibiting the inclusion of it on, the November 2014 ballot.

A few days later, the Trustees filed a similar action pertaining to the City's adoption of Ordinance No. 14–12; their petition against the City sought a declaratory judgment that the ordinance was invalid and an injunction enjoining the City from proceeding with the November election. The Trustees averred that, despite having received notification that their property would not be targeted for annexation, their property was included within the legal description of the tract of land included for annexation by Ordinance No. 14–12. They further asserted that the City's reading of the ordinance was not in compliance with Arkansas Code Annotated § 14–55–202 (Repl. 1998), and that the City adopted the ordinance in violation of the FOIA where the City's attorney admitted that he had visited with members of the city council prior to the meeting at which the ordinance was adopted. Like the SLPOA, the Trustees also sought an injunction removing the ordinance from

the ballot or precluding its inclusion on the November ballot.

The City answered both complaints and filed a motion to dismiss in each case. That same day, a hearing was held before the circuit court at which both cases were heard jointly. Some debate was had over which claims of the SLPOA and the Trustees the circuit court could hear at that time due to the fact that the ordinances had not yet been put into effect since they had not yet been voted upon. The circuit court further heard the testimony of Michael Hamby, who was the city attorney for the City of Greenwood.

At the conclusion of the hearing, the circuit court ruled that Mr. Hamby's contact with four city council members prior to the council's adoption of the ordinances at issue was in violation of the FOIA and rendered the ordinances nullities. The circuit court additionally ruled that the ordinances would not be included on the November ballot. A single order memorializing the circuit court's ruling in both cases was filed the next day. In it, the circuit court found, in relevant part as follows:

14. The meat of this case involves the Open Meetings provision of the Arkansas Freedom of Information Act (A.C.A. § 25–19–106) and whether or not there was a violation of this law. The significant facts are as follows:

- The Minutes of the August 12, 2014, meeting reflect that Mr. Hamby contacted each member of the [Greenwood City Council] as to the modifications of the annexation proceedings and/or ordinances;
- Mr. Hamby testified that he had contacted **at least** four (4) members of the GCC as to the modifications of the annexation proceedings and/or ordinances;
- The purpose of Mr. Hamby's contact with the GCC members was to ob-

tain a decision of the council as to the modifications of the annexation proceedings, or as Mr. Hamby testified, he "wanted to know how they wanted to vote";

- Mr. Hamby further testified that he had specific conversation [sic] with at least one (1) council member as to the possible deletion of Ms. Walters' property; and
- Mr. Hamby also testified that he conversed with another council member about deleting all or a portion of Tract D, which was done.

15. The Court's opinion is that the above referenced facts, specifically the contacts and conversations had by Mr. Hamby with individual council members, falls squarely within the parameters of *Harris v. City of Fort Smith, Arkansas*, 359 Ark. 355, 197 S.W.3d 461 (2004), which this Court is more than familiar with.

16. The meetings in this matter are subject to oversight under the Freedom of Information Act and the actions taken by Mr. Hamby, the City Attorney, violated the Open Meetings provision of the Arkansas Freedom of Information Act (A.C.A. § 25–19–106), thus rendering the Ordinances derived thereby a nullity.

17. As such, the Ordinances derived in violation of the Open Meetings provision of the Arkansas Freedom of Information Act (A.C.A. § 25–19–106) shall not be included on the November 4, 2014 ballot.

The City now appeals.

■ As an initial matter, we must determine whether the instant appeal is actually moot given that the November 2014 election has already occurred. The City, in an alternative argument, avers that the actions against it by the SLPOA and the

Trustees were moot from their inception because the ballots for the November election had already been printed and the Sebastian County Election Commission had not been made a party to either suit. Nonetheless, the City maintains, the circuit court incorrectly ruled that the City violated the FOIA, and it would be patently unfair to permit that decision to stand. Accordingly, the City asks this court to declare the circuit court's order null and void or to remand with instructions for the circuit court to set aside its order. The SLPOA asserts that the City's mootness argument is being raised for the first time on appeal, while the Trustees assert that any opinion from this court addressing the merits would be advisory in nature in light of the election having already occurred and the ordinances being soundly defeated.

 While the City claims that the underlying suits by the SLPOA and the Trustees were moot, our examination of the record in this case reveals that the City neither developed this ₆argument before the circuit court, nor obtained a ruling on it. It is well settled that this court will not address an argument on appeal if it has not been argued before the circuit court or if a party fails to obtain a ruling from that court. *See, e.g., Simpson Housing Solutions, LLC v. Hernandez*, 2009 Ark. 480, 347 S.W.3d 1. However, it is clear that the City's appeal itself is moot.

 As a general rule, the appellate courts of this state will not review issues that are moot because to do so would be to render an advisory opinion, which this court will not do. *See Etherly v. Newsome*, 2013 Ark. 391, 2013 WL 5595494. Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *See Bd. of Trustees of the Univ. of Ark. v. Crawford Cnty. Cir. Ct.*, 2014 Ark. 60, 431 S.W.3d 851. We have,

however, recognized two exceptions to the mootness doctrine. *See Lott v. Langley*, 2013 Ark. 247, 2013 WL 2460130. The first exception involves issues that are capable of repetition, yet evading review, and the second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *See id.* Here, the City claims that the ordinances at issue were not nullities because no FOIA violation occurred. However, because the City's November 4, 2014 election has already taken place, the issue of whether the challenged ordinances should have remained on the ballot is moot, unless one of the two exceptions to mootness applies. Neither does.

|₇This court must first consider whether the issue involved is capable of repetition, yet will evade review. Examples of such cases as recognized by this court include abortion-law challenges, election-procedure cases, and cases involving various court procedures. *See Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007). The instant issue is one involving the FOIA and does not fall within those examples previously recognized. Moreover, while it is certainly conceivable that the city attorney might have contact with individual council members on various issues in the future, it is highly unlikely that the particular contact at issue here would repeat itself, yet not be capable of review. Even where there is a possibility that the issue might recur, it is only a possibility and this court does not anticipate future litigation and does not issue advisory opinions. *See Wright v. Keffer*, 319 Ark. 201, 890 S.W.2d 271 (1995). Neither is it a forgone conclusion that should it recur, it would necessarily evade review. *See id.* This exception therefore does not apply.

Nor can it be said that the second exception has application. A determination of

the issue presented would be dependent on the specific and unique facts presented. Because of the unlikelihood that these specific facts will recur, any decision by this court would not serve to prevent future litigation. *See, e.g., Monticello Healthcare Ctr., LLC v. Goodman,* 2010 Ark. 339, 373 S.W.3d 256. Indeed, even if this court were to hold that the ordinances were not nullities, the ordinances specifically provided that the annexation questions were to be presented at the November 4, 2014 election, which has already come to pass. Accordingly, we dismiss the instant appeal as moot.

Appeal dismissed.