2015 Ark. 388

# SUPREME COURT OF ARKANSAS

No. CV–15–27

| | |
|---|---|
| ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPARTMENT; DIRECTOR SCOTT BENNETT; ARKANSAS STATE HIGHWAY COMMISSION; CHAIRMAN JOHN ED REGENOLD; DICK TRAMMEL; TOM SCHUECK; ROBERT MOORE, JR.; AND FRANK SCOTT, JR. APPELLANTS | **Opinion Delivered** October 29, 2015 |

V.

O.J.'S SERVICE TWO, INC.
                                              APPELLEE

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-14-1231]

HONORABLE ALICE S. GRAY, JUDGE

APPEAL DISMISSED.

**COURTNEY HUDSON GOODSON, Associate Justice**

This is an interlocutory appeal from the Pulaski County Circuit Court's denial of a motion to dismiss on sovereign-immunity grounds filed by appellants, Arkansas State Highway and Transportation Department; its director Scott Bennett; Arkansas State Highway Commission; its chairman John Ed Regenold; and Dick Trammel, Tom Schueck, Robert Moore, Jr., and Frank Scott, Jr. in their capacities as members of the Arkansas State Highway Commission ("the State Defendants"). The underlying lawsuit involves a contract for janitorial and cleaning services between the Arkansas State Highway and Transportation Department ("the Highway Department") and a third party, RazorClean. Because the contract at issue in the lawsuit has been fully performed, the matter is now moot. Accordingly, we dismiss the appeal.

The relevant facts in this appeal are as follows. In January 2014, the Highway Department

issued a bid invitation for a janitorial and cleaning-services contract for February 19, 2014, through February 18, 2015. Appellee, O.J.'s Service Two, Inc. ("O.J.'s"), submitted a bid for the contract, but the Highway Department ultimately awarded the contract to another bidder, RazorClean, on February 10, 2014. O.J.'s filed a formal protest of the contract award, arguing that RazorClean's bid did not conform to the specifications in the bid invitation and should not have been accepted because the references RazorClean provided were invalid. The Highway Department issued a letter denying O.J.'s protest, stating that there was no procedure for reevaluating the award of a contract and that the Highway Department had followed its bid process by inquiring about the references provided.

On March 25, 2014, O.J.'s filed suit against the State Defendants requesting a writ of mandamus compelling the defendants to follow the Arkansas procurement laws and regulations, as well as requiring the defendants to declare the contract with RazorClean null and void and to award the contract to O.J.'s. The State Defendants filed a motion to dismiss, arguing that O.J.'s claims were barred by sovereign immunity. O.J.'s responded that sovereign immunity did not apply because the suit was one to enforce a purely ministerial duty, and because the Highway Department had acted illegally in awarding the contract without properly following Arkansas procurement laws. The circuit court denied the motion, and the State Defendants have filed this interlocutory appeal pursuant to Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure–Civil.

Before reaching the merits of the appeal, we must first address the State Defendants' threshold argument that the case has become moot because the contract at issue has now expired, as it was for services from February 19, 2014, through February 18, 2015. As a general rule, the

appellate courts of this state will not review issues that are moot. *City of Clinton v. S. Paramedic Servs., Inc.*, 2012 Ark. 88, 387 S.W.3d 137. To do so would be to render advisory opinions, which this court will not do. *Id.* We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* In other words, a moot case presents no justiciable issue for determination by the court. *Gen. Pub. Co. v. Erxleben*, 283 Ark. 136, 671 S.W.2d 182 (1984). We have recognized that when a state contract has been fully performed, a challenge to the grant of the contract to a particular party is rendered moot. *Id.*

We agree that this appeal is moot because the contract at issue in the litigation has been performed. Our decision in *Erxleben* is instructive on this issue. In that case, the State of Arkansas invited bids for publication of certain volumes of the *Arkansas Reports*. The contract was awarded to United Services of Arkansas, and General Publishing Company challenged the award of the contract, arguing that at the time the contract was awarded, United Services of Arkansas was not a proper applicant. The circuit court dismissed the case, ruling that no justiciable controversy existed because the contract had been fully performed. On appeal, we affirmed the ruling of the trial court and held that the case was moot. Similarly, in *Frisby v. Strong School District*, 282 Ark. 81, 666 S.W.2d 391 (1984), we affirmed the trial court's dismissal of a case as moot where a teacher challenged the nonrenewal of her teaching contract. Because the contract year had ended, we held that the teacher's request for a writ of mandamus to compel the school board to hire her for the year was a moot issue.

In this case, the janitorial contract between the Highway Department and RazorClean covered the period from February 19, 2014, through February 18, 2015. Like the contracts in

*Erxleben* and *Frisby*, the contract in this case has expired. Accordingly, the case is moot because there is no relief that the court could give O.J.'s on its petition for a writ of mandamus. Although the contract does provide for the possibility of renewal upon the mutual written agreement of both parties, O.J.'s has provided no evidence of any such renewal. Because the record does not demonstrate that the contract has been renewed, it fails to show that a justiciable controversy between the parties exists. The record contains only one contract, and that contract expired in February 2015. Thus, because the instant contract for janitorial services has been fully performed, there is no longer any justiciable controversy between the parties.

We have recognized two exceptions to the mootness doctrine, but neither exception applies in this case. The first exception involves issues that are capable of repetition, yet evading review. *City of Greenwood v. Shadow Lake Ass'n, Inc.*, 2015 Ark. 143, 459 S.W.3d 291. This exception does not apply here because the instant case turns on distinct facts that are unlikely to be repeated. *Id.* Specifically, this case involves an isolated contract for janitorial services that has expired and O.J.'s claims that the Highway Department awarded the contract in violation of the procurement laws of Arkansas. Because there is no way for this court to forecast whether the Highway Department will enter into another contract for janitorial services, or what the terms of such a contract would be, the first exception to the mootness doctrine is inapplicable.

The second exception to the mootness doctrine concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Bd. of Dirs. of City of Hot Springs v. Pritchett*, 2015 Ark. 17, 454 S.W.3d 223. This exception is also inapplicable in this case because "a determination of the issue presented would be dependent on the specific and unique facts presented." *City of Greenwood*, 2015 Ark. 143, at 7, 459 S.W.3d at 296. Thus,

"any decision by this court would not serve to prevent future litigation." *Id.* Accordingly, we dismiss the instant appeal as moot.

Appeal dismissed.

*Leslie Rutledge*, Att'y Gen., by: *Gary L. Sullivan*, Ass't Att'y Gen., for appellants.

*Tiffany F. Flock*; and
*Hope, Trice, O'Dwyer & Wilson, P.A.*, by: *Ralph "Win" Wilson III*, and *Ronald A. Hope*, for appellee.