

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-16-189

|  |  |
|---|---|
| JUNE BRADSHAW<br><br>                  APPELLANT<br><br>V.<br><br>FORT SMITH SCHOOL DISTRICT AND<br>FORT SMITH PUBLIC SCHOOLS BOARD<br>OF EDUCATION<br>                  APPELLEES | **Opinion Delivered** March 29, 2017<br><br>APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT,<br>FORT SMITH DISTRICT<br>[NO. 66CV-15-719]<br><br>HONORABLE JAMES O. COX,<br>JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant June Bradshaw appeals the Sebastian County Circuit Court's dismissal of her Arkansas Freedom of Information Act (FOIA) claim against the Fort Smith School District (District) and the Fort Smith Public Schools Board of Education (Board). We find no error and affirm.

It is undisputed that all relevant media outlets were provided timely notice that the Board would hold a meeting on June 23, 2015, at 5:30 p.m. and that they were subsequently provided a second notice that the Board would go into a closed session to evaluate the superintendent. Media were present at the meeting. Several news outlets attended the meeting. At 5:30 p.m., when the meeting was supposed to begin, five of the seven-school board members were present, and one member had phoned to say he was running late. While the five members who were present waited for the sixth member to arrive, they decided to hold a

SLIP OPINION

"Committee of the Whole" meeting to discuss the issue of whether to keep Southside High School's current mascot (the Rebel) and its fight song (Dixie).

Because the Rebel mascot and the Dixie fight song had been a point of contention for years, and in response to the recent racially motivated church shooting in Charleston, South Carolina (and the subsequent national debate over the use of the confederate flag), the committee of the whole passed a motion in an open meeting to stop using both the Rebel mascot and the Dixie fight song. Since the action had been taken by a committee, rather than the full Board, it was not final; instead, it was in the form of a recommendation to the full Board. Following the committee's passage of the motion, the Board went into the originally scheduled closed meeting to evaluate the superintendent, after which it returned to the open meeting and unanimously voted to extend the superintendent's contract for a year.

The evidence reveals that the District's communications director, Zena Featherston Marshall, then released somewhat misleading and contradictory statements about what had occurred. In an email to the media, which Marshall sent that evening, she stated that the committee of the whole had passed a motion to stop using the Rebel mascot and the Dixie fight song but did not specifically indicate that the motion would have to be approved by the full Board before going into effect. In fact, she said that the Board would work with the Southside High School community over the next year to name a new mascot and fight song, implying that the decision was final. However, in an email to staff, she stated that the motion had been passed by the committee and would be "presented to the [B]oard during the regularly scheduled meeting on July 27, 2015."

The Board did not specifically take up the committee's recommendation at the July meeting. Instead, a motion was made and seconded that Southside High School was to immediately stop playing the Dixie fight song and replace the Rebel mascot the following school year. The Board then heard public comments on the issue, and approximately thirty-nine people spoke, including Bradshaw's attorney. After hearing from everyone who wished to speak on the matter, the Board passed the motion.

Bradshaw, a "concerned citizen," filed suit[1] alleging a violation of FOIA's open-meeting requirements, seeking declaratory and injunctive relief. Bradshaw then filed an amended complaint, and the court held a hearing within seven days as required under FOIA. Following the hearing, but before the court entered its written order dismissing the case, Bradshaw filed a second amended complaint. The court then entered its October 23, 2015 order, in which it made detailed findings and concluded that the first amended complaint, which was the operative document at the time of the hearing, failed to support a cause of action under FOIA and was frivolous. Bradshaw filed a timely notice of appeal, in which she abandoned all pending but unresolved claims.

We employ the clearly-erroneous standard in reviewing a circuit court's findings of fact in a bench trial. *Fairpark, LLC v. Healthcare Essentials*, 2011 Ark. App. 146, at 7, 381 S.W.3d 852, 856 (citing *Poff v. Peedin*, 2010 Ark. 136, 366 S.W.3d 347). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, considering all the evidence, is left with the definite and firm conviction that a mistake has been committed.

---

[1]The original suit, *Sorrell v. Fort Smith School District & Fort Smith Public Schools Board*, CV-15-607, Sebastian County Circuit Court, Fort Smith District, was voluntarily nonsuited and refiled as the instant case.

*Helena-W. Helena Sch. Dist. v. Fluker*, 371 Ark. 574, 268 S.W.3d 879 (2007). A circuit court's conclusions on questions of law are reviewed de novo and given no deference on appeal. *Id.* at 577, 268 S.W.3d at 882.

The Arkansas Supreme Court has previously held that appellate courts must liberally interpret the FOIA "to accomplish its broad and laudable purpose that public business be performed in an open and public manner." *Harrill & Sutter, PLLC v. Farrar*, 2012 Ark. 180, at 8–9, 402 S.W.3d 511, 515–16 (citing *Fox v. Perroni*, 358 Ark. 251, 188 S.W.3d 881 (2004)). The supreme court stated that "we broadly construe the FOIA in favor of disclosure."[2] *Id.*, 402 S.W.3d at 515–16.

Before addressing the merits of the case, we must first address whether the order from which Bradshaw appeals is a final, appealable order. We note that the order being appealed resolved only her first amended complaint, not her second amended complaint. However, we find that Bradshaw's statement in her notice of appeal that she abandoned all pending but unresolved claims was sufficient to render the October 23, 2015 order final and appealable. Ark. R. App. P.–Civ. 3; *Ford Motor Co. v. Washington*, 2012 Ark. 354, at 1.

On the merits, Bradshaw argues that insufficient notice was provided for the committee meeting that took place prior to the closed executive session on June 23, 2015. The FOIA's open-meeting provisions state, in pertinent part, as follows:

> (a) Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations

---

[2]The FOIA cases in which this language is found are specifically related to the disclosure of public records pursuant to Arkansas Code Annotated section 25-19-105(a)(1)(A), rather than the statute's open-meetings requirements, but the underlying policy favoring government transparency remains the same.

 

of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.

(b)(1) The time and place of each regular meeting shall be furnished to anyone who requests the information.

(2) In the event of emergency or special meetings, the person calling the meeting shall notify the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held and any news media located elsewhere that cover regular meetings of the governing body and that have requested to be so notified of emergency or special meetings of the time, place, and date of the meeting. Notification shall be made at least two (2) hours before the meeting takes place in order that the public shall have representatives at the meeting.

(c)(1) Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee. The specific purpose of the executive session shall be announced in public before going into executive session.

(2)(A) Only the person holding the top administrative position in the public agency, department, or office involved, the immediate supervisor of the employee involved, and the employee may be present at the executive session when so requested by the governing body, board, commission, or other public body holding the executive session.

(B) Any person being interviewed for the top administrative position in the public agency, department, or office involved may be present at the executive session when so requested by the governing board, commission, or other public body holding the executive session.

(3) Executive sessions must never be called for the purpose of defeating the reason or the spirit of this chapter.

(4) No resolution, ordinance, rule, contract, regulation, or motion considered or arrived at in executive session will be legal unless, following the executive session, the public body reconvenes in public session and presents and votes on the resolution, ordinance, rule, contract, regulation, or motion.

Ark. Code Ann. § 25-19-106 (Repl. 2015). It is undisputed that the relevant media outlets were provided notice that a meeting would be held on June 23, 2015, at 5:30 p.m.; that a second notice stated that the Board would go into a closed meeting to evaluate the superintendent; that the media was present at 5:30 p.m.; and that the committee's discussion of the proposed

SLIP OPINION

changes to Southside's mascot and fight song was in the full presence of the media. The Board then went into closed session and evaluated the superintendent before returning to the open meeting. Following a hearing, the circuit court found that the statutorily required notice was provided to all necessary media outlets and that the statute does not require that an agenda be provided.

On appeal, Bradshaw concedes that FOIA does not require governing bodies to provide an agenda or otherwise provide notice as to what will be discussed in each meeting. Bradshaw instead argues that the committee meeting constituted a separate meeting that required notice apart from, and in addition to, the notice that was provided. We find no merit to Bradshaw's argument because the required statutory notice was provided to media outlets that the Board would meet at 5:30 p.m., and the media was present before the committee began its discussion shortly thereafter, so the statutory requirements were met.

Bradshaw's reliance on *Arkansas Gazette v. Pickens*, 258 Ark. 69, 522 S.W.2d 350 (1975) is misplaced. In *Pickens*, the supreme court held that FOIA applies to meetings of committees composed of members of the governing body, an issue which is not in dispute in the present case. The appellees have not argued, and the circuit court did not find, that FOIA was inapplicable to the committee meeting on June 23, 2015. Instead, the circuit court found that the provisions of FOIA's open-meetings statute were not violated because sufficient notice was provided, and Bradshaw has provided no persuasive argument or authority as to why that finding was clearly erroneous.

We also note that Bradshaw's FOIA claim fails because she cannot show prejudice. Although the statute allows interested individuals to do so, Bradshaw never requested that she

be provided personal notice of any meetings of the Board, and nothing in the statute requires notice to the general public. FOIA simply requires notice to the media, which was provided, and the media was present for the committee meeting to which Bradshaw objects. Therefore, we note that Bradshaw was unaffected by the allegedly misleading notice, because she would not have been provided with *any* notice of such a meeting, while the entities to whom notice was required were not misled and were present for the committee's discussion of the mascot and fight song. Moreover, the committee's actions were later taken up by the full Board, and final action was taken on the issue at a meeting in July. Bradshaw does not allege that insufficient notice was provided for the July meeting. In *City of Greenwood v. Shadow Lake Association, Inc.*, the Arkansas Supreme Court held that the city's appeal from a circuit court order prohibiting an annexation ordinance from appearing on an election ballot, based on the court's finding of improper contact between city attorney and city council members in violation of the FOIA's open-meetings requirements, was moot in light of fact that the election had already occurred, and any judgment rendered would therefore have had no practical legal effect upon a then-existing legal controversy. 2015 Ark. 143, at 6, 459 S.W.3d 291, 295 (citing *Bd. of Trs. of the Univ. of Ark. v. Crawford Cnty. Cir. Ct.*, 2014 Ark. 60, 431 S.W.3d 851). In the present case, because Bradshaw's first amended complaint sought both declaratory relief and prospective injunctive relief related to the type of notice that would be required for future school-board meetings, we hold that her appeal is not moot. However, we find *City of Greenwood* illustrative of Bradshaw's inability to demonstrate prejudice from the alleged FOIA violation.

Bradshaw also argues that the committee meeting violated the District's own policies. The circuit court correctly held than any allegation of a violation of the District's internal

policies fails to state a claim for a violation of the FOIA. To the extent that such a violation of internal policies might support a claim under a separate cause of action, Bradshaw has neither raised such a claim nor established that she has standing to do so. We do not consider assignments of error that are unsupported by convincing legal authority or argument unless it is apparent without further research that the argument is well taken. *Tyrone v. Dennis*, 73 Ark. App. 209, 215, 39 S.W.3d 800, 803 (2001) (citing *Grayson v. Bank of Little Rock*, 334 Ark. 180, 971 S.W.2d 788 (1998)).

Bradshaw's next point on appeal is that the circuit court erred in finding her lawsuit frivolous. Arkansas Code Annotated section 25-19-107(d)(2) allows for imposition of attorney's fees against a nonprevailing plaintiff only if the court finds that the suit was initiated primarily for frivolous or dilatory purposes. The circuit court made such a finding against Bradshaw, but the District never requested an award of attorney's fees, and no such fees were awarded. Bradshaw argues that, even absent an award of fees, the court's finding that her lawsuit was frivolous tarnished her reputation. Bradshaw has provided no evidence to support the statement that the court's finding caused any damage to her reputation. Moreover, Bradshaw can show no prejudice from the court's finding that her lawsuit was frivolous, because it was not the basis for any action of the court.

Bradshaw's attorney argues that the finding that her claim was frivolous subjects him to a potential claim before the Committee on Professional Conduct for a violation of Rule 3.1. However, we note that appellant's attorney is not a party to this appeal and has no standing to make arguments on his own behalf. Additionally, again, our record is devoid of any evidence to support his argument.

We find no merit in Bradshaw's procedural arguments that her attorney had no opportunity to object to the circuit court's proposed order before it was entered. The record indicates that Bradshaw's attorney sent a letter to the court on October 23, 2015, alleging that the proposed order misrepresented the court's ruling from the bench and that Bradshaw subsequently filed a motion for reconsideration after the court had entered the order to which she objected.

Finally, we also find no merit to Bradshaw's argument on appeal that the circuit court erred in considering the record from her previously nonsuited FOIA lawsuit regarding these events. However, the entire record from the previous case was introduced into evidence at the October hearing without objection. In fact, it was introduced by stipulation of the parties. Bradshaw cannot now argue that the court's consideration of evidence, the admission of which she stipulated to, was reversible error. At the very least, she has failed to preserve this claim for appeal. *Casteel v. State Farm Mut. Auto. Ins. Co.*, 66 Ark. App. 220, 224, 989 S.W.2d 547, 549 (1999).

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*McCutchen & Sexton–The Law Firm*, by: *Joey McCutehcn*, for appellant.

*Thompson and Llewellyn, P.A.*, by: *William P. Thompson* and *James M. Llewellyn, Jr.*, for appellees.